**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| KNAUF INSULATION, LLC, | ) | |
| KNAUF INSULATION GMBH, and | ) | |
| KNAUF INSULATION SPRL, | ) | JURY TRIAL DEMAND |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 1:15-CV-00111 |
| | ) | |
| JOHNS MANVILLE CORPORATION and | ) | |
| JOHNS MANVILLE, INC., | ) | |
| | ) | COMPLAINT AND JURY DEMAND |
| Defendants. | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs, Knauf Insulation, LLC, Knauf Insulation GmbH, and Knauf Insulation SPRL, for their Complaint against the Defendants, Johns Manville Corporation and Johns Manville, Inc., allege as follows:

**NATURE OF THE ACTION**

1.      This is an action for patent infringement.  Defendants have violated, and continue to violate, *inter alia*, the patent laws of the United States, 35 U.S.C. §§271 and 281-285, 289, by infringing Plaintiffs' U.S. Patent Nos. 8,114,210; 8,940,089; and D631,670.

**PARTIES**

2.      Plaintiff Knauf Insulation, LLC is a limited liability company organized and existing under the laws of Delaware, having a principal place of business at One Knauf Drive, Shelbyville, Indiana 46176.

3.    Plaintiff Knauf Insulation GmbH is a foreign limited liability company organized and existing under the laws of the country of Germany, having a principal place of business at Am Bahnhof 7, 97346 Iphofen, Germany.

4.    Plaintiff Knauf Insulation SPRL is a foreign limited liability company organized and existing under the laws of the country of Belgium, having a principal place of business at Rue de Maestricht 95, 4600 Visé, Belgium.

5.    Upon information and belief, Defendant Johns Manville Corporation is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 717 17th Street, Denver, Colorado 80202.

6.    Upon information and belief, Defendant Johns Manville, Inc. is a corporation registered with the Indiana Secretary of State organized and existing under the laws of the State of Delaware, having a principal place of business at 717 17th Street, Denver, Colorado 80202.

7.    Upon information and belief, Defendant Johns Manville, Inc. is incorporated under the name "Johns Manville" in Delaware.

8.    Upon information and belief, Defendants Johns Manville Corporation and Johns Manville, Inc. are wholly owned subsidiaries of Berkshire Hathaway Inc., headquartered in Nebraska.

## JURISDICTION AND VENUE

9.    This Court has subject matter jurisdiction of this Action pursuant to 28 U.S.C. § 1338(a).

10.    This Court has personal jurisdiction over Defendants because Defendants do business in Indiana, including having an insulation manufacturing facility in Wayne

County, Indiana, and conduct business through several distributors located in Indiana, with at least one being located in this district.

11.    Venue is proper in this judicial district under 28 U.S.C. §§1391 and 1400 because Defendants are each a corporation subject to personal jurisdiction in this district, and because Defendants have a regular and established place of business in this district and have committed acts of infringement in this district, including the shipment and sale of the accused infringing product(s) into and/or out of this judicial district.

12.    On information and belief, Defendant Johns Manville, Inc., may be served via its registered agent, The Prentice-Hall Corporation System, Inc., Suite 500, 251 East Ohio Street, Indianapolis, IN 46204.

## BACKGROUND FACTS

13.    Plaintiffs Knauf Insulation GmbH, Knauf Insulation SPRL, and Knauf Insulation, LLC are affiliated companies (hereafter collectively, "Knauf Insulation") and produce and sell building materials, including insulation, such as fiberglass insulation and related products.

14.    Defendants are and have been direct competitors of Knauf Insulation GmbH and Knauf Insulation, LLC in the U.S. for fiberglass insulation products.

### *The Knauf Insulation Patents*

15.    Plaintiffs Knauf Insulation SPRL and Knauf Insulation, LLC are each owners of one-half undivided interests of:

a.  United States Patent No. 8,114,210 entitled "Binders" (hereinafter "the '210 Patent").  A true and accurate copy of the '210 Patent is attached as Exhibit 1.  The '210 Patent issued on February 14, 2012;

b.  United States Patent No. 8,940,089 entitled "Binders" (hereinafter "the '089 Patent").  A true and accurate copy of the '089 Patent is attached as Exhibit 2.  The '089 Patent issued on January 27, 2015; and,

c.  United States Patent No. D631,670 entitled "Insulation Material" (hereinafter "the '670 Patent").  A true and accurate copy of the '670 Patent is attached as Exhibit 3.  The '670 Patent issued on February 1, 2011.

Collectively, those three patents are referred to herein as the "Patents in Suit".

16.    Plaintiff Knauf Insulation GmbH assigned assets used in its business, including any and all interest in the Patents in Suit, to Knauf Insulation, LLC effective December 31, 2014.

17.    Knauf Insulation GmbH and Knauf Insulation, LLC have sold patented insulation products in the U.S.

18.    Knauf Insulation GmbH and Knauf Insulation, LLC have marked patented articles made, offered for sale, or sold by or for them in the U.S. with the Patents in Suit in compliance with 35 U.S.C. §287.

**_Johns Manville's Conduct_**

19.    Upon information and belief, Defendants are offering for sale in the U.S. "Formaldehyde Free" "Bio-based binder" insulation products (hereafter, "JM Bio-based Binder Insulation"). True and accurate copies of examples of Defendants' marketing

materials, product information sheets, and technical bulletins for its JM Bio-based Binder Insulation are attached hereto as Exhibits 4-20.

20.     Defendants market at least some of the JM Bio-based Binder Insulation as "EasyFit," "RANGE-GLAS EQ," "SPIN-GLAS WH EQ," "Flex-Glass EQ," "Microlite EQ," "Microlite L," "ComfortTherm," and "PEBS Blanket" insulation. Exhibits 10-20.

21.     Exhibit 4 is a true and accurate copy of a portion of Defendants' 2012 Sustainability Report and includes true and accurate photographs of JM Bio-Based Binder Insulation.

22.     JM Bio-based Binder Insulation is insulation including fiberglass. Exhibits 10-20.

23.     JM Bio-based Binder Insulation is "made of long, resilient glass fibers bonded with our bio-based binder." Exhibit 10.

24.     JM Bio-based Binder Insulation binder is "made mostly with rapidly renewable plant-based materials." Exhibit 10.

25.     Exhibit 7 is a true and accurate copy of Defendants' January 23, 2013 Bulletin Number IST 13-002, entitled "Bio-Based Binder Product Compliance to Industry Specifications".

26.     JM Bio-based Binder Insulation is an "earthy brown color". Exhibit 7; Exhibits 10-19.

27.     JM Bio-based Binder Insulation binder "comprises approximately 5% of the weight of the finished product." Exhibit 9 at 1; Exhibit 8 at 1.

28.     On information and belief, binder in each of the JM Bio-based Binder Insulation products described in Exhibits 10-19 is made with a Maillard reaction.

29.    On information and belief, binder in each of the JM Bio-based Binder Insulation products described in Exhibits 10-19 includes melanoidins.

30.    On information and belief, binder in each of the JM Bio-based Binder Insulation products described in Exhibits 10-19 is from a solution including one or more reducing sugars.

31.    On information and belief, binder in each of the JM Bio-based Binder Insulation products described in Exhibits 10-19 is from a solution including dextrose.

32.    On information and belief, binder in each of the JM Bio-based Binder Insulation products described in Exhibits 10-19 is from a solution including one or more amines.

33.    On information and belief, binder in each of the JM Bio-based Binder Insulation products described in Exhibits 10-19 is from a solution including an ammonium salt dissolved in solution.

34.    On information and belief, binder in each of the JM Bio-based Binder Insulation products described in Exhibits 10-19 is from a solution including ammonium sulphate salt dissolved in solution.

35.    On information and belief, binder in each of the JM Bio-based Binder Insulation products described in Exhibits 10-19 has a pH of greater than 6 when dissolved in water.

36.    On information and belief, each of the JM Bio-based Binder Insulation products described in Exhibits 10-19 is made from combining one or more reducing sugars with one or more amines in an aqueous solution, spraying that solution onto fiberglass, and heating that combination in an oven.

37.    On information and belief, each of the JM Bio-based Binder Insulation products described in Exhibits 10-19 has an ordinary parting strength of at least 120 g/g (gram / gram).

38.    On information and belief, each of the JM Bio-based Binder Insulation products described in Exhibits 10-19 has a weathered parting strength of at least 120 g/g (gram / gram).

39.    JM Bio-based Binder Insulation is "formaldehyde-free." Exhibits 6-17.

40.    On information and belief, binder in each of the JM Bio-based Binder Insulation products described in Exhibits 10-19 is from a solution that liberates less than 5 ppm (parts per million) formaldehyde as a result of drying and/or curing.

41.    On information and belief, binder in each of the JM Bio-based Binder Insulation products described in Exhibits 10-19 is from a solution that liberates less than 1 ppm (parts per million) formaldehyde as a result of drying and/or curing.

42.    On information and belief, binder in each of the JM Bio-based Binder Insulation products described in Exhibits 10-19 includes one or more silicon-containing coupling agent(s).

43.    On information and belief, each of the JM Bio-based Binder Insulation products described in Exhibits 10-19 includes residual levels of more than 500 milligrams of sulfates, phosphates, nitrates, carbonates, or combinations thereof per kilogram of finished material.

44.    On information and belief, each of the JM Bio-based Binder Insulation products described in Exhibits 10-19 has a thermal conductivity of less than 0.05 W/mK (Watts / meter-Kelvin).

45.     On information and belief, each of the JM Bio-based Binder Insulation products described in Exhibits 10-19 has a density greater than 5 kg/m$^3$ and less than 80 kg/m$^3$.

46.     On information and belief, each of the JM Bio-based Binder Insulation products described in Exhibit 10-13 complies with ASTM C665 "Standard Specification for Mineral-Fiber Blanket Thermal Insulation for Light Frame Construction and Manufactured Housing."

47.     On information and belief, each of the JM Bio-based Binder Insulation products described in Exhibit 14-15 complies with ASTM C991 "Standard Specification for Flexible Fibrous Glass Insulation for Metal Buildings."

48.     On information and belief, each of the JM Bio-based Binder Insulation products described in Exhibits 10-19 is manufactured by a method that includes treating a collection of fibers with a substantially formaldehyde free binder solution.

49.     On information and belief, each of the JM Bio-based Binder Insulation products described in Exhibits 10-19 is manufactured by a method that includes arranging a collection of fibers treated with binder into the shape of an insulation product.

50.     On information and belief, each of the JM Bio-based Binder Insulation products described in Exhibits 10-19 is manufactured by a method that includes curing a binder by applying a source of energy.

## COUNT I - INFRINGEMENT OF U.S. PATENT 8,114,210

51. Plaintiffs incorporate by reference paragraphs 1 through 50.

52. On information and belief, Defendants have infringed (directly, contributory and/or by inducement) one or more of method claims 10, 11, and 12 of the '210 Patent. This infringement includes, in part, the manufacture of JM Bio-based Binder Insulation.

53. On information and belief, Defendant Johns Manville, Inc. has been aware of the '210 Patent.

54. On information and belief, Defendant Johns Manville Corporation has been aware of the '210 Patent.

55. On information and belief, Defendants' infringement of the '210 Patent has been with knowledge and willful.

56. Plaintiffs have been damaged by Defendants' infringement and will suffer irreparable injury unless Defendants are enjoined by this Court.

## COUNT II - INFRINGEMENT OF U.S. PATENT 8,940,089

57. Plaintiffs incorporate by reference paragraphs 1 through 56.

58. On information and belief, Defendants have infringed (directly, contributory and/or by inducement) one or more claims of the '089 Patent. This infringement includes, in part, the manufacture, sale, offer for sale and use of JM Bio-based Binder Insulation.

59. Plaintiffs have been damaged by Defendants' infringement and will suffer irreparable injury unless Defendants are enjoined by this Court.

## COUNT III – INFRINGEMENT OF U.S. PATENT D631,670

60.    Plaintiffs incorporate by reference paragraphs 1 through 59.

61.    JM Bio-based Binder Insulation have substantially the same ornamental design as claimed in the '670 Patent.

62.    On information and belief, Defendants has infringed the '670 Patent.  This infringement includes, in part, the manufacture, sale, offer for sale and use of JM Bio-based Binder Insulation.

63.    On information and belief, Defendant Johns Manville, Inc. has been aware of the '670 Patent.

64.    On information and belief, Defendant Johns Manville Corporation has been aware of the '670 Patent.

65.    On information and belief, Defendants' infringement of the '670 Patent has been with knowledge and willful.

66.    Plaintiffs have been damaged by Defendants' infringement and will suffer irreparable injury unless Defendants are enjoined by this Court.

## RELIEF

**WHEREFORE**, Plaintiffs pray for judgment as follows:

A.    A judgment of infringement of the Patents in Suit entered in favor of Plaintiffs against Defendants.

B.    An order enjoining Defendants and Defendants' officers, agents, servants, employees, and attorneys and other persons who are in active concert or participation with such Defendants, officers, agents, servants, employees, and attorneys from further acts of infringement of the Patents in Suit.

C.      An award of damages for infringement, and in any event not less than a reasonable royalty.

D.      An award of Defendants' total profit and other remedies per 35 U.S.C. §289 from infringing the '670 Patent.

E.      The amount of damages and profits enhanced by three times.

F.      An award to Plaintiffs of interest, fees, and costs.

G.      An order granting all other relief that is legal and/or equitable.

## JURY DEMAND

Plaintiffs respectfully demand a jury trial on all issues of fact.


Respectfully submitted,


s/Daniel J. Lueders/
Daniel J. Lueders
Spiro Bereveskos
WOODARD, EMHARDT, MORIARTY,
MCNETT & HENRY LLP
111 Monument Circle, Suite 3700
Indianapolis, Indiana  46204-5137
(317) 634-3456 – Telephone
(317) 637-7561 – Facsimile
Email: lueders@uspatent.com


D. Rusty Denton
BINGHAM GREENEBAUM DOLL LLP
2700 Market Tower
10 West Market Street
Indianapolis, Indiana 46204
(317) 635-8900 – Telephone
Email: ddenton@bgdlegal.com


*Attorneys for Plaintiffs Knauf Insulation, LLC, Knauf Insulation GmbH, and Knauf Insulation SPRL*