UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KNAUF INSULATION, LLC, | ) | |
| KNAUF INSULATION GmbH, | ) | |
| KNAUF INSULATION SPRL, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 1:15-cv-00111-WTL-MJD |
| | ) | |
| vs. | ) | |
| | ) | |
| JOHNS MANVILLE CORPORATION, | ) | |
| JOHNS MANVILLE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANTS' MOTION TO STAY**

This matter comes before the Court on Defendants' *Motion to Stay*. [Dkt. 40.] For the reasons set forth below, the Court **GRANTS** Defendants' Motion.

### I. Background

On January 27, 2015, Knauf Insulation, LLC, Knauf Insulation GmbH, and Knauf Insulation SPRL ("Plaintiffs") sued Johns Manville Corporation and Johns Manville, Inc. ("Defendants"), alleging that Defendants had infringed U.S. Patents Nos. 8,114,210 ("the '210 patent"), 8,940,089 ("the '089 patent"), and D631,670 ("the '670 patent"). [Dkt. 1.] On September 3, 2015, Plaintiffs filed a Second Amended Complaint to add allegations that Defendants had also infringed U.S. Patents Nos. 9,039,827 ("the '827 patent") and 9,040,652 ("the '652 patent"). [Dkt. 60.]

1

The Court entered an order setting case management deadlines on April 30, 2015. [Dkt. 31.] On July 10, 2015, Defendants filed this motion to stay this matter pending the resolution of certain proceedings before the U.S. Patent and Trademark Office ("PTO"). [Dkt. 40.] Defendants stated that on June 12, 2015 through July 10, 2015, they petitioned the PTO to initiate *inter partes* review ("IPR") of the '210, '089, and '670 patents. [*Id.*] Defendants also stated that between July 1, 2015 and August 7, 2015, they petitioned the PTO to initiate IPR for the '827 patent. [Dkt 50-1.] Defendants asked the Court to stay this litigation until the PTO had concluded any such review. [Dkt. 40.] Plaintiffs opposed Defendants' motion, and the matter has been fully briefed, to include the submission of supplemental briefing by the parties. In addition, Defendants have also asked this Court to bifurcate the '652 patent from this litigation. [Dkt. 62.]

## II.  Discussion

Courts have inherent authority and broad discretion to manage their dockets and stay proceedings. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988). This includes the power to stay a case pending resolution of related proceedings before the PTO. *See id.* The Court's discretion, however, is not unfettered. *Endotach LLC v. Cook Med. Inc.,* No. 1:13-cv-01135-LJM-DKL, 2014 WL 852831, at *3 (S.D. Ind. Mar. 5, 2014). Thus, in considering whether to stay litigation pending resolution of an IPR, district courts should consider the following factors:

> (1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial;

2

>and (4) whether a stay will reduce the burden of litigation on the parties and the court.

*Id.* (quoting *Ultratec, Inc. v. Sorenson Comm'ns, Inc.*, No. 13-cv-346-bbc, 2013 WL 6044407, at *2 (W.D. Wis. Nov. 14, 2013)). These factors indicate that a stay in this case is warranted.

### A. Stage of the Litigation

A court is more likely to grant a stay when the case at hand is at an early stage in the litigation. *See, e.g., Ho Keung Tse v. Apple Inc.*, No. C 06-06573 SBA, 2007 WL 2904279, at *2 (N.D. Cal. Oct. 4, 2007) ("A stay is particularly appropriate for cases in the initial stages of litigation or in which there has been little discovery."). Thus, Defendants in this case argue that little discovery has been conducted and that the parties have not taken substantial steps towards resolution of their claim construction disputes. [*See, e.g.,* Dkt. 41 at 8-9.] However, Plaintiffs note that substantial resources have already been expended by the parties on the case. [Dkt. 47 at 17-22.] Further, Defendants draw on this Court's decision to grant a stay in *Cook Inc. v. Endologix, Inc.,* No. 1:09-cv-01248-WTL-TAB, 2010 WL 325960 (S.D. Ind. Jan. 21, 2010). There, however, no case schedules had been entered and the Court had very little involvement in the case. *Id.* at *2. In this case, while little discovery has been completed to date, such is primarily the result of the parties' inability to agree upon a discovery plan, which has resulted in a significant level of involvement by the Court. Nevertheless, the Court finds that the stage of litigation slightly favors Defendants' request for a stay.

3

### B. Prejudice or Tactical Disadvantage

Defendants assert a stay will not prejudice or disadvantage Plaintiffs. [Dkt. 41 at 14-15.] With respect to prejudice, Defendants claim any argument for undue prejudice is undermined by Plaintiffs failure to seek a preliminary injunction. The Court agrees. Many courts have found that a patentee's arguments of undue prejudice are undermined if no preliminary injunction has been sought. *See, e.g., Hill-Rom Servs., Inc. v. Stryker Corp.*, N. 1:11-cv-1120-JMS-DKL, 2012 WL 5878087, at *2 (S.D. Ind. Nov. 20, 2012) ("attempts by a patentee to argue undue prejudice are undermined if it has elected not to pursue a preliminary injunction"); *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1320 (Fed. Cir. 2014) (finding that a patentee's delays to seek "preliminary injunctive relief belie its claims that it will be unduly prejudiced by a stay"); *Milwaukee Elec. Tool Corp. v. Hilti, Inc.*, No. 14-CV-1288-JPS, 2015 WL 5795519, at *7 (E.D. Wis. Oct. 2, 2015) ("the plaintiffs' failure to file for a preliminary injunction at least partially belies their claim that they will be unduly prejudiced by a stay") (quotations omitted).

This case is no different. Here, Plaintiffs did not seek the entry of a preliminary injunction. Moreover, Plaintiffs gave no reason for their failure to file. *See Milwaukee Elec. Tool Corp.*, 2015 WL 5795519, at *7 ("the plaintiffs' failure to file for a preliminary injunction… is more egregious in this case" where "there is nothing in the record…as to why the plaintiffs did not seek a preliminary injunction."). This undermines Plaintiffs' argument that they are suffering a loss of exclusivity in the market place, especially considering Plaintiffs delayed this suit for nearly two years after learning of the alleged

4

infringement. [Dkt. 47 at 26; 47-4 at 2]; *see also Ignite USA, LLC v. Pac. Mkt. Int'l., LLC*, No. 14 C 856, 2014 WL 2505166, at *3 (N.D. Ill. 2014) (unlikely patentee suffered undue prejudice where patentee "chose to wait two years" to file complaint).

      Plaintiff asks the Court to consider a different analysis, one taken by several courts outside the Seventh Circuit. *See, e.g., Avago Techs. Fiber IP (Singapore) Pte. Ltd. v. IPtronics, Inc.*, No. 10-cv-02863-EJD, 2011 WL 3267768, at *6 (N.D. Cal. 2011) ("the [c]ourt will not hold against [patentee] its decision to spare the parties more litigation"). But, as already cited, courts in the Seventh Circuit, including this District, have routinely found that the lack of preliminary injunction weighs against any argument of undue prejudice. The Court sees no reason to deviate from those findings. Thus, the Court finds Plaintiffs' argument of undue prejudice unpersuasive.

      Defendants also claim the parties are not direct competitors. But this claim is contradicted by Defendants' own statements. [Dkt. 25 at 3.] In response, Plaintiffs argue their direct competition with Defendants increases the likelihood of undue prejudice, as it threatens exclusivity in the market and creates a loss of goodwill and market advantage. Where there is direct competition, courts have generally weighed undue prejudice in favor of the patentee. *See Hill-Rom*, 2012 WL 5878087, at *2 ("the parties' status as direct competitors can weigh against a stay because it increases the likelihood of undue prejudice"); *Everlight Elecs. Co. v. Nichia Corp.*, No. 12-cv-11758, 2013 WL 1821512, at *8 (E.D. Mich. 2013) ("Courts routinely deny requests for stay during the pendency of PTO proceedings where the parties are direct competitors."). However, Defendants have represented to the Court that there are at least four competitors in the

5

marketplace: Knauf, JM, CertainTeed, and Owens Corning. [Dkt. 50 at 16-17.] The existence of multiple competitors undermines Plaintiffs' argument that they will lose market share simply due to Defendants' alleged infringement. *See, e.g., Ignite USA,* 2014 WL 2505166, at *3 (finding that four competitors in the marketplace undermined Plaintiff's argument that it will lose market share); *Black & Decker, Inc. v. Psotec USA, Inc.,* No. 13-C-3075, 2013 WL 5718460, at *2 (N.D. Ill. 2013) (granting stay because Defendant "present[ed] evidence that there are multiple competitors in…the market, limiting the danger of a loss of market share"). Thus, for these reasons, the Court finds Plaintiffs' argument of undue prejudice further undermined.

With respect to tactical disadvantage, Defendants claim Plaintiffs will not be tactically disadvantaged because the stay would come early in litigation. The Court agrees. Courts typically find no tactical disadvantage when a stay is sought in the early stages of litigation before much discovery. *See Black & Decker,* 2013 WL 5718460, at *1 (granting stay due to IPR and relying, in part, on the fact that case had "made very limited progress since it was filed"); *Ignite USA,* 2014 WL 2505166, at * 2 (finding no tactical disadvantage where discovery had "not commenced and no deadlines for discovery [had] been set."). Here, discovery is only in its early stages. Additionally, Defendants sought IPR within the first six months of the case, and then again shortly before Plaintiffs' Second Amended Complaint. *See CANVS Corp. v. United States*, 118 Fed.Cl. 587, 597 (Fed. Cir. 2014) (finding tactical disadvantage where "[d]efendant had an opportunity to seek *inter partes* review earlier in [the] case, and it chose not to do so.").

6

In response, Plaintiffs argue that a stay would tactically disadvantage their case primarily by limiting their ability to perform Electronically Stored Information discovery under PTO rules. But this argument is without merit. The proceedings of an IPR, by itself, cannot constitute a tactical disadvantage. Otherwise, tactical disadvantage would always weigh in favor of the patentee. Plaintiffs also argue that allowing a stay in favor of the IPR process would violate their constitutional rights to this Court and a jury trial under Article III and the Seventh Amendment. But this argument too is meritless. *See Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 604 (Fed. Cir. 1985) (holding that patentee did not suffer a "constitutional deprivation of any rights under the Amendment or Article by virtue of either the postponement of the exercise of these rights, or by interposition of reexamination."). Thus, for these reasons, the Court finds no tactical disadvantage to Plaintiffs.

Considering all these reasons, the Court finds no undue prejudice or tactical disadvantage against Plaintiffs. Thus, this factor weighs in favor of the Defendants.

**C. Simplifying the Issues**

Defendants claim a stay will simplify and streamline the issues of this case by narrowing the contested issues and providing guidance from an expanded IPR record. [Dkt. 41 at 17-18.] In response, Plaintiffs contend that Defendants' arguments of simplification are speculative, the '670 patent is not likely to be granted review, and the other claimed patents are not obvious enough to succeed in IPR. When examining this factor, this Court partially weighs the probability of simplification upon whether the PTO has already acted on the petition for review. *See Bonutti Research, Inc. v. Lantz Med.,*

*Inc.*, No. 1:14-cv-00609-SEB-MJD, 2015 WL 3386601, at *3-4 (S.D. Ind. May 26, 2015). Here, the PTO issued a decision instituting IPR of seven of the seventeen claims in the '210 patent. [Dkt. 80 at 1.] In addition, the PTO has expressed to the parties that it expects to issue institution decisions on the remaining petitions by the end of December 2015. [Dkt. 80 at 3.] Thus, the Court is not faced with the prospect of a long wait before it knows whether the PTO will grant the rest of Defendants' petitions.

In light of this, Plaintiffs' argument of speculation is undermined. That at least one patent will be reviewed by the PTO already assures simplification of the issues, for "any conclusion reached by the PTO regarding reexamined patents provides expert guidance and simplifies those issues for trial." *Hill-Rom*, 2012 WL 5878087, at *4. Even if all other patents at issue are denied for review, simplification will still occur, as "the question is merely whether the issues will be simplified, and *not* whether the entire case will be resolved." *Milwaukee Elec. Tool Corp.*, 2015 WL 5795519, at *5. In addition, the Court will "benefit from the PTO's expertise and conclusions," even if it does not yield significant benefits. *Cook*, 2010 WL 325960, at *2. The Court does recognize that "an IPR proceeding is limited" and that even if a "petition in this case is granted, the parties may ultimately still be required to litigate" other matters. *Bonutti*, 2015 WL 3386601, at *4. But considering the PTO has already granted review of the '210 patent and will issue its decisions on the other patents shortly, the Court finds this factor weighs in favor of the Defendants.

### D. Burden of Litigation

Finally, Defendants contend that granting the stay would ease the burden on this Court by saving the parties from spending significant time and resources on claims that may be substantially altered as a result of IPR petitions. [Dkt. 41 at 19.] The Court agrees. Already, the PTO has granted *inter partes* review with regard to portions of the '210 patent. Because reexamination proceedings show "a significant probability that the PTO will alter the claim scope," litigation at this point might be wasted on issues that could be changed or rendered moot by the PTO findings. *Hill-Rom*, 2012 WL 5878087, at *5.

In response, Plaintiffs argue that because Defendants' petition for the '670 patent will likely fail in PTO litigation, it will need to be litigated in court, and thus discovery efforts would not be wasted. But this argument is entirely speculative, as the PTO has not yet rejected the '670 patent for review, let alone reviewed it. Conceivably, the Court could stay this litigation only with respect to the patents accepted for IRP review and allow the case to proceed with respect to the remaining patents; however, the Court believes it would be more efficient to litigate all those claims together. *See, e.g., Davol, Inc. v. Atrium Med. Corp.*, No. CIV.A. 12-958-GMS, 2013 WL 3013343, at *6 (D. Del. June 17, 2013). Since the PTO has already granted IPR review of portions of the '210 patent, to deny a stay would risk duplicative proceedings and only increase the burden of litigation. Thus, the Court weighs this factor in favor of the Defendants.

**E. Summary**

Based on the foregoing, each of the above factors dictates in favor of a stay of this proceeding. The litigation is still in its early stages and there is no risk of prejudice as evidenced by Plaintiffs' failure to file for a preliminary injunction and their delay in filing this suit. Multiple competitors in the marketplace also diminish any risk of market loss. And since the PTO has already granted IPR for portions of the '210 patent, there is a high likelihood that some issues will be simplified and the burden reduced for future litigation. In these circumstances, a stay is appropriate. The Court thus **GRANTS** Defendants' Motion to Stay pending the resolution of the IPR process.

### III.   Conclusion

For the reasons discussed above, the Court **GRANTS** Defendants' *Motion to Stay* pending *inter partes* review. [Dkt. 40.]  Because the Court found oral argument to be unnecessary to its decision, Defendants' motion for oral argument on the motion to stay [Dkt. 51] is **DENIED**.

Dated:  13 NOV 2015

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the Court's ECF system.