UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KNAUF INSULATION, LLC, ) <br> KNAUF INSULATION GmbH, ) <br> KNAUF INSULATION SPRL, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> JOHNS MANVILLE CORPORATION, ) <br> JOHNS MANVILLE, INC., ) <br> ) <br> Defendants. ) | No. 1:15-cv-00111-WTL-MJD |

## ORDER ON DEFENDANTS' MOTION FOR LIMITATIONS ON ELECTRONIC DISCOVERY

This matter is before the Court on *Defendants' Motion For Limitations on Electronic Discovery*. [Dkt. 48.] The Court held a hearing on the Motion on September 10, 2015. For the reasons set forth below, the Court **DENIES** Defendants' Motion.

### I. Background

This is a patent infringement action primarily relating to binding agents used in the manufacture of fiberglass insulation. An issue has arisen between the parties concerning the production of electronically stored information ("ESI"). Defendants, Johns Manville Corporation and Johns Manville Inc. ("JM"), now seek leave of court to (1) implement of date cutoff of January 1, 2007, for all ESI discovery; and (2) limit the number of email custodians for which JM will produce relevant email. JM asserts these limitations will limit the volume of data loaded into a searchable database thus reducing its expense of loading such data by an estimated $49,400. Plaintiffs, Knauf Insulation, LLC, Knauf Insulation GmbH and Knauf Insulation SPRL

1

("Knauf"), object to JM's Motion arguing the limitations would deny Knauf relevant information to which it is entitled. Knauf further argues the expense of providing the information is insignificant in light of the amount in controversy in the litigation.

## II.     Rule 26(b) Discovery Standard

Under Rule 26, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence, and relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Chavez v. DaimlerChrysler Corp.,* 206 F.R.D. 615, 619 (S.D. Ind. 2002).

However, discovery is not without limits. A court may limit discovery if it determines that the burden of the discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2)(iii); *Wiginton v. CB Richard Ellis, Inc.,* 229 F.R.D. 568, 571 (N.D. Ill. 2004). To make such a determination, courts consider the proportionality test of Rule 26(b)(2)(iii) weighing following the factors: 1) the likelihood of discovering critical information; 2) the availability of such information from other sources; 3) the amount in controversy as compared to the total cost of production; 4) the parties' resources as compared to the total cost of production; 5) the relative ability of each party to control costs and its incentive to do so; 6) the importance of the issues at stake in the litigation; 7) the importance of the requested discovery in resolving the issues at stake in the litigation; and 8) the relative benefits to the parties of obtaining the information. *Id*. Since the presumption is that the responding party pays for discovery requests, the burden remains with JM to demonstrate that costs should be shifted to Knauf.

### III. Discussion

#### A. Cutoff Date of January 1, 2007

Knauf alleges in this lawsuit that JM is infringing on Knauf's patents related to a particular reducing-sugar-based binder solution used to manufacture fiberglass insulation. JM has agreed to produce ESI discovery showing its fiberglass insulation binder development work for a period of six years prior to the first U.S. sale of its accused fiberglass products in 2013. JM reasons that, since it did not begin exploring the possibility of implementing a reducing-sugar-based binder until after January 1, 2007, ESI prior to that time is not relevant to the litigation.

Knauf frames the issue of relevance more broadly, arguing the potential pool of ESI includes JM's research into all non-formaldehyde binders rather than simply the reducing-sugar-based binders. These pre-2007 documents, Knauf argues, will show there was a "long-felt need" to develop a formaldehyde-free insulation product – a key factor in the secondary considerations of non-obviousness analysis. Knauf's counsel also expressed concern at the hearing that the parties' "very different views of what evidence constitutes secondary considerations" in this case would impact JM's search for documents regardless of the date range utilized. [Dkt. 68 at 76.]

JM rejects Knauf's "long-felt need" argument, asserting that it had already fulfilled that need with its acrylic binder launched in 2002. Knauf responds that serious problems with the acrylic binder prompted JM to continue looking for new options. But these arguments take the issue beyond what the Court needs to decide whether Knauf has met the broad discovery standard of relevance. Objective considerations such as failure by others to solve the problem (in this case, developing an effective non-formaldehyde binder) "may often be the most probative and cogent evidence" of non-obviousness. *Stratoflex, Inc. v. Aeroquip Corp.*, 713 F.3d 1530, 1538 (Fed. Cir. 1983). JM asserted invalidity as both an affirmative defense and a counterclaim,

thereby raising the issue of obviousness and deeming the requested ESI relevant. The Court agrees with Knauf that JM's interpretation limiting relevant ESI discovery to that which relates to reducing-sugar-based binders is too narrow for the purposes of discovery. JM's attempts to develop any *non-formaldehyde binder*, not just a reducing-sugar-based binder, are relevant to Knauf's showing its patented binder was not obvious.

Of course, the court may limit even relevant discovery if the burdens outweigh the benefits. In this case, however, the factors of the proportionality test tip markedly in Knauf's favor. Based upon the testimony of Dr. Alavi, JM's Senior Research Manager, there is a high likelihood of discovering ESI relating to non-formaldehyde binder development work prior to 2007. This information is not available from any other source. Moreover, the additional expense associated with the wider date range of discovery is not excessive in light of the amount in controversy in the litigation. JM has not established the burden of the proposed discovery outweighs the benefit to Knauf. Therefore, the Court **DENIES** *Defendants' Motion to Limit ESI Discovery* with regard to the proposed January 1, 2007 cutoff. [Dkt. 48.]

To address Knauf's concerns about the disparity in the parties' views of the scope of the requested discovery, the Court orders that JM shall provide ESI discovery relating to its efforts to develop any *non-formaldehyde binder* on or after January 1, 1997.

### B. Limitation on E-Mail Custodians

JM identified 38 email custodians who may possess relevant ESI and proposes that it load the emails (and bear the expense) for only the ten of those custodians, resulting in a savings of $18,000. JM further asserts that limiting the number of custodians (thereby limiting the number of emails) would also facilitate the predictive coding process. Knauf objects to JM's "arbitrary" proposal and asserts that JM has refused to informally disclose information about the 38

custodians thereby limiting Knauf's ability to evaluate the importance of each custodian. Knauf's counsel reported at the hearing that JM suggested Knauf take 30(b)(6) depositions to determine which of the 38 custodians to choose, the expense of which likely would exceed the $18,000 JM claims to be trying to save.  [Dkt. 68 at 78.]

      As the Court noted at the hearing, in the realm of electronic discovery there are no guarantees that every relevant responsive document will be found.  Even in the best case scenario, the process likely will not yield 100 percent production of all relevant material. But how many relevant responsive documents are too many to voluntarily walk away from?  As Knauf pointed out, JM's proposal would guarantee a zero percent recall for the 28 custodians not chosen.  There is no way to predict how many non-duplicate relevant emails may be in the possession of those 28 custodians; individuals that JM itself identified as likely to possess relevant information.  JM asserts, and it is reasonable to believe, that one of the key email custodians was likely copied on any relevant email sent or received by one of the more tangential custodians. Unlike with Dr. Alavi's testimony and proposed date cutoff, there is no evidence to help the Court weigh how likely it is that ESI from the 28 tangential custodians would yield information relevant to the issues in this litigation. However, in a high value case such as this one, the burden of the additional $18,000 expense does not outweigh the potential benefit to Knauf of receiving those emails.  Therefore, the Court **DENIES** *Defendants' Motion to Limit ESI Discovery* with regard to the proposed limit on the number of email custodians. [Dkt. 48.]

      JM requests that if the Court denies its request to limit the number of email custodians, it order Knauf to bear the additional expense of loading the additional emails into its ESI software. [Dkt. 49 at 18.]  In the absence of evidence indicating the likelihood of discovering relevant information, the Court finds merit in JM's request.  However, should the search happen to yield a

5

significant number of documents – meaning JM was incorrect in its assertion that there would be very few if any – the expense of production should remain with JM. Accordingly, as discussed at the hearing, if the search results for the 28 tangential custodians returns fewer than 500 responsive documents (with the expanded scope of relevance as discussed above), Knauf is ordered to reimburse JM $18,000 for the cost of loading the data from those custodians; however, if more than 500 documents are produced from the data collected from those 28 custodians, JM must bear the costs of such discovery.

    SO ORDERED.

Dated: 13 NOV 2015

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Duane R. Denton
BINGHAM GREENEBAUM DOLL LLP
rdenton@bgdlegal.com

Laura K. Mullendore
KILPATRICK TOWNSEND & STOCKTON LLP
lmullendore@kilpatricktownsend.com

Jeffrey M. Connor
KILPATRICK TOWNSEND & STOCKTON, LLP
jmconnor@kilpatricktownsend.com

Lane C. Womack
KILPATRICK TOWNSEND & STOCKTON, LLP
lcwomack@kilpatricktownsend.com

James W. Riley, Jr.
RILEY BENNETT & EGLOFF LLP
jriley@rbelaw.com

David E. Sipiora
TOWNSEND AND TOWNSEND AND CREW
dsipiora@kilpatricktownsend.com

Daniel James Lueders
WOODARD EMHARDT MORIARTY MCNETT & HENRY, LLP
lueders@uspatent.com

Spiro  Bereveskos
WOODARD EMHARDT MORIARTY MCNETT & HENRY, LLP
judy@uspatent.com