UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KNAUF INSULATION, LLC, | ) | |
| KNAUF INSULATION GmbH, | ) | |
| KNAUF INSULATION SPRL, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 1:15-cv-00111-WTL-MJD |
| | ) | |
| vs. | ) | |
| | ) | |
| JOHNS MANVILLE CORPORATION, | ) | |
| JOHNS MANVILLE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANTS' MOTION TO BIFURCATE**

This matter comes before the Court on Defendants' *Motion to Bifurcate*. [Dkt. 62.]

For the reasons set forth below, the Court **DENIES** Defendants' Motion.

**I.   Background**

On January 27, 2015, Knauf Insulation, LLC, Knauf Insulation GmbH, and Knauf

Insulation SPRL ("Plaintiffs") sued Johns Manville Corporation and Johns Manville, Inc.

("Defendants"), alleging that Defendants had infringed U.S. Patents Nos. 8,114,210

("the '210 patent"), 8,940,089 ("the '089 patent"), and D631,670 ("the '670 patent"). [Dkt.

1.] On September 3, 2015, Plaintiffs filed a Second Amended Complaint to add

allegations that Defendants had also infringed U.S. Patents Nos. 9,039,827 ("the '827

patent") and 9,040,652 ("the '652 patent"). [Dkt. 60.] Defendants asked this Court to

bifurcate the '652 patent from this litigation in order to serve the interests of judicial

economy. [Dkt. 62.] Plaintiffs opposed Defendants' motion, and the matter has been fully briefed.

## II.   Legal Standard

Rule 42(b) of the Federal Rules of Civil Procedure states:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

Fed. R. Civ. P. 42(b). This rule "permits the separation of claims or issues for trial if certain conditions are met." *Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999). These conditions are: (1) the bifurcation should "avoid prejudice to a party or promote judicial economy;" (2) the bifurcation should "not unfairly prejudice the non-moving party;" and (3) the bifurcation "must not be granted if doing so would violate the Seventh Amendment." *Id.* Although "the ultimate decision to bifurcate is within [the Court's] discretion, because [the Court is] expected to act to secure the just, speedy, and inexpensive determination of every action, bifurcation remains the exception, not the rule." *Trading Technologies Int'l., Inc. v. eSpeed, Inc.*, 431 F.Supp.2d 834, 836 (N.D. Ill. 2006) (quotations and citations omitted). The party seeking bifurcation bears the burden of showing that judicial economy would be served in favor of bifurcation. *Id.* at 837.

### III. Discussion

Defendants claim bifurcation of the '652 patent is needed, primarily to simplify the issues before the jury.[1] [Dkt. 63.] For support, Defendants contend the '652 patent is made from binding chemistry different than the other patents and that this difference could potentially confuse the jury. [*Id.* at 6.] To avoid this confusion, Defendants asks the Court to bifurcate the '652 patent from the rest of the litigation.

Defendants do not meet their burden to show bifurcation is appropriate. Though the '652 patent bears a different binder chemistry than the other patents, this difference alone does not outweigh the many common facts related to all the patents at issue: the background evidence related to the industry is the same, the general process of manufacturing is the same, the alleged infringing products are the same, and the claims all pertain to a similar "combination of insulation fibers and the binder that holds the fibers together." [Dkt. 58 at 4.] The only difference here is the chemistry of the binder used in the '652 patent.

Defendants try to show that presenting two different chemical infringement analyses is enough to warrant bifurcation.  Although some complexity may be inevitable, the Court "is confident that the highly skilled advocates on both sides will use the many effective tools that are available to prevent or minimize confusion without

---

[1] Defendants also argue that the addition of the '652 patent to the original complaint is a tactical move aimed at prejudicing Defendants' *Motion to Stay.* [Dkt. 63 at 8.] They ask the Court to bifurcate in order to avoid this prejudice. But since the Court granted Defendants' *Motion to Stay,* this argument is moot.

risking the waste of time and confusion presented by bifurcation." *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.,* No. IP961718CHG, 2001 WL 699856, at *2 (S.D. Ind. 2001).  The prejudice of expense, inconvenience, and duplicative proceedings presented by bifurcation, at this point, would harm judicial economy and prejudice the non-moving party far more than any potential risk of jury confusion, a risk that can certainly be mitigated by the able lawyers in this case. *See Magarl, L.L.C. v. Crane Co.*, No. 1:03-CV-01255-JDT-WTL, 2004 WL 2750252, at *16 (S.D. Ind. 2004).

Furthermore, even if jury confusion was obvious enough to warrant bifurcation, bifurcation is certainly not needed now in the early stages of litigation. If either party believes bifurcation would be appropriate for trial, another motion may be filed closer to the trial date. Thus, because bifurcation would not support judicial economy or avoid prejudice and would unfairly prejudice the non-moving party by creating duplicative proceedings, it is not warranted at this time.

## Conclusion

For the reasons discussed above, the Court **DENIES** Defendants' *Motion to Bifurcate*. [Dkt. 62.]

Dated:  13 NOV 2015

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the Court's ECF system.