UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KNAUF INSULATION, LLC, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:15-cv-00111-WTL-MJD |
| ) | |
| JOHNS MANVILLE CORPORATION, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION TO COMPEL**

This matter is before the Court on Defendants' *Motion to Compel Response to Interrogatory No. 1*. [Dkt. 151.] For the reasons set forth below, the Court **GRANTS** Defendants' Motion.

**I.      Background**

This is a patent infringement action primarily relating to binding agents used in the manufacture of fiberglass insulation. Plaintiffs Knauf Insulation, LLC, Knauf Insulation GmbH, and Knauf Insulation SPRL (hereinafter collectively "Knauf"), allege Defendants are infringing on Knauf's patented methods, compositions and design relating to fiberglass insulation products. [Dkt. 1.]  Although the initial complaint was filed in 2015, the litigation was stayed for more than two years pending *inter partes* review ("IPR") of the patents in suit by the United States Patent & Trademark Office ("PTO"). The Court lifted the stay and reopened the case on October 12, 2017. [Dkt. 114.]

Now engaged in discovery, a dispute has arisen over Knauf's response to an interrogatory. Defendants, Johns Manville Corporation and Johns Manville Inc. ("JM"), assert Knauf's response to Interrogatory No. 1 is deficient and seek an order from the Court compelling

Knauf to supplement its response to address each asserted claim for each asserted patent.[1] Knauf objects, arguing a more detailed response is not necessary unless and until JM raises the defense of prior art for each asserted claim. Knauf raises further objections based upon relevance, undue burden and proportionality. Unable to resolve this dispute informally or through a discovery conference with the Court, JM filed this Motion. [Dkt. 151.]

II.     **Legal Standard**

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. Federal Rule of Civil Procedure 37(a)(2)-(3). The burden "rests upon the objecting party to show why a particular discovery request is improper." *Kodish v. Oakbrook Terrace Fire Protection Dist.,* 235 F.R.D. 447, 449–50 (N.D. Ill. 2006). The objecting party must show with specificity that the request is improper. *Graham v. Casey's General Stores,* 206 F.R.D. 251, 254 (S.D. Ind. 2002). That burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Burkybile v. Mitsubishi Motors, Corp.,* 2006 WL 2325506 at *6 (N.D. Ill. 2006) (internal citations omitted). In considering matters of proportionality, Rule 26(b) directs courts to consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

---

[1] According to Knauf, there currently are 139 Asserted Claims in the patents-in-suit. [Dkt. 166 at 3.]

### III.  Discussion

The interrogatory at issue in this motion seeks information relating to the conception and reduction to practice of the inventions covered by the patents. Specifically, Interrogatory No. 1 asked:

> Identify each Asserted Claim and for each such claim, describe fully and with particularity the circumstances leading to the alleged invention of the claim, including an identification of the earliest date on which You contend the claimed subject matter was conceived and the earliest date on which You contend the claimed subject matter was reduced to practice, as well as a description of the circumstances of its conception, first reduction to practice, and any diligence exhibited by the inventor(s) from the time of its conception until its reduction to practice (e.g., an identification of all Persons who participated in and Documents Concerning the conception, reduction to practice, and diligence; a description of each such Person's involvement in the conception, reduction to practice, and diligence; and an identification of all Documents and Persons corroborating these events).

[Dkt. 152-5 at 5.]

Knauf's initial response provided a priority date of invention of the date of patent application and identified the inventors of some of the patents, but objected to providing additional details on the basis that it was more appropriate to glean that information from the upcoming depositions. Knauf supplemented its response to Interrogatory No. 1 twice, providing the priority dates of invention and inventors for the other patents in issue but no information relating to the "circumstances leading to the invention of the claim." [Dkt. 152-5 at 4-6.]  With each response, Knauf cryptically noted that "supporting documents will be produced" or "[d]ocuments and persons corroborating these events include lab notebooks, testing files and emails or other ESI to be produced pursuant to the protocol." [Dkt. 152-5 at 4-5.]

JM seeks a more detailed response, arguing that Knauf cannot simply produce documents and avoid providing written contentions in response to the interrogatory.  Interestingly, in its response brief, Knauf objects to providing additional details on the basis of undue burden and

3

lack of proportionality, but also promised yet another supplemental response and round of additional documents by May 7, 2018. [Dkt. 166 at 9.] Based upon the parties most recent Joint Report on Status of Discovery [Dkt. 184], filed June 4, 2018, it appears Knauf has produced no further discovery responsive to Interrogatory No. 1.

Knauf's vague responses to Interrogatory No. 1 and its promises of future supplements and additional documents do not satisfy its discovery obligations under Rule 26(b). For the purposes of a motion to compel, an "evasive or incomplete" answer is treated as a failure to answer. Fed. R. Civ. P. 37(a)(4). Therefore, in the absence of any valid objection, the Court may order Knauf to provide a more extensive response.

Knauf argues that unless and until JM challenges the precise dates of invention by asserting a prior art defense, the information has limited relevance to the case that is outweighed by the burden of providing it. [Dkt. 166 at 3.] However, Knauf makes no attempt to quantify the burden of providing a more detailed response. Undue burden or expense, actual or potential, must be shown by "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981). Claims of undue burden are not exempt from the basic principle that unsupported statements of counsel are not evidence. *See United States v. Adriatico-Fernandez*, 2012 WL 6200276 (7th Cir. 2012).

Additionally, Knauf's burden argument addresses only the analysis of conception and reduction dates. Knauf fails to account for the other information sought in the interrogatory: "an identification of all Persons who participated in and Documents Concerning the conception, reduction to practice, and diligence; a description of each such Person's involvement in the conception, reduction to practice, and diligence; and an identification of all Documents and

Persons corroborating these events." [Dkt. 152-5 at 5.] Again, Knauf asserts "more information on that will be available from documents and depositions." [Dkt. 166 at 7.] This is not an argument that will defeat a motion to compel. Knauf's attempt to argue the sought after information has limited relevance likewise fails. JM has alleged affirmative defenses and counterclaims asserting the patents in suit are invalid, rendering the dates of invention and reduction to practice "incontrovertibly relevant" to JM's claims and defenses. *Lamoureux v. Genesis Pharmacy Services, Inc.*, 226 F.R.D. 154, 160 (D. Conn. 2004).

Having failed to demonstrate the responsive information is irrelevant or unduly burdensome, the Court finds Knauf has failed to satisfy its burden to show the discovery is improper. The Court overrules Knauf's objections and orders Knauf to provide a complete and unequivocal response to Interrogatory No. 1 on or before **July 13, 2018**.

### IV. Conclusion

Based on the foregoing, JM's *Motion to Compel Response to Interrogatory No. 1* [Dkt. 151] is **GRANTED**. Rule 37(a)(5)(C) instructs that if a motion to compel discovery is granted, the Court may award reasonable attorneys' fees. If JM seeks attorney fees, it must file a motion and supporting documentation on or before **July 13, 2018**.

SO ORDERED.

Dated: 28 JUN 2018

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the court's ECF system.