UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KNAUF INSULATION, LLC, ) <br> KNAUF INSULATION GmbH, and ) <br> KNAUF INSULATION SPRL, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> JOHNS MANVILLE CORPORATION and ) <br> JOHNS MANVILLE, INC., ) <br> ) <br> Defendants. ) <br> ) | Case No. 1:15-cv-00111-WTL-MJD <br><br> Honorable William T. Lawrence <br><br> Magistrate Judge Mark J. Dinsmore |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES PURSUANT TO RULE 37(a)(5)(A)**

i

Defendants Johns Manville Corporation and Johns Manville, Inc. (collectively, "JM") respectfully move under Rule 37(a)(5)(A)[1] for an award of reasonable expenses (attorneys' fees) incurred in pursuing their Motion to Compel Response to Interrogatory No. 1 (Dkt. No. 151), which was recently granted by the Court. (*See* Dkt. No. 197.) The amount of reasonable expenses sought is $48,684.73. Grounds for the motion are set forth below.

## I. FACTUAL BACKGROUND

### A. Knauf Seeks Hundreds of Millions of Dollars in Damages.

In this case, Knauf asserts a design patent and a number of utility patents. (*See* Dkt. No. 144.) Knauf alleges that the "damages arising from" infringement of its design patent "exceed $200 million" (Dkt. No. 47 at 8) and that it is entitled to "over $150 million in damages" (Dkt. No. 109 at 1) for alleged infringement of the asserted utility patents.

### B. JM's Meet and Confers with Knauf Regarding JM's Interrogatory No. 1.

The detailed factual background leading up to this fee application was set forth in the Motion and supporting brief (Dkt. No. 152 at 1-3) and analyzed by the Court in granting the Motion. (*See* Dkt. No. 197 at 1-2.) JM propounded Interrogatory No. 1 on May 4, 2015. Knauf responded on June 8, 2015, raising seven boilerplate objections incorporated into each of its responses. On January 12, 2018, Knauf served a supplemental response, and on February 2,

---

[1] The Court's Order granting the Motion to Compel makes reference to a provision of Rule 37 in allowing leave to JM: "Rule 37(a)(5)(C) instructs that if a motion to compel discovery is granted, the Court may award reasonable attorneys' fees." (Dkt. No. 197 at 5.) JM believes the citation to Rule 37(a)(5)(C) is in error; this sub-provision applies in the situation "[i]f the motion is granted in part and denied in part," which was not the result of the Order; there was no granting of JM's Motion *in part*. Instead, the Order ruled that "[h]aving failed to demonstrate the responsive information is irrelevant or unduly burdensome, the Court finds Knauf has failed to satisfy its burden to show the discovery is improper…" and further "overrule[d] Knauf's objections and orders Knauf to provide a complete and unequivocal response to Interrogatory No. 1…." (*Id.*) For this reason, JM's request for reasonable fees should be considered under Fed. R. Civ. P. 37(a)(5)(A), discussed in detail below.

2018, it served a "second supplementation," both of which were, with regard to Interrogatory No. 1, substantially identical to Knauf's original response. Prior to filing the Motion, JM's counsel conferred with Knauf in an effort to obtain the requested discovery without court action. On February 8, 2018, counsel for JM sent a letter to counsel for Knauf outlining with particularity deficiencies in Knauf's discovery responses, including Knauf's objections and its response to JM's Interrogatory No. 1. (Ex. 80 at 3-4.)

Counsel for Knauf responded in writing on February 15, 2018. On March 6, 2018, Counsel for JM sent an email to counsel for Knauf, explaining that Knauf's letter did not rectify the deficiencies in Knauf's response to JM's Interrogatory No. 1, and JM asked to meet and confer in anticipation of bringing this dispute to the Court. Counsel for JM, Kevin Bell and Edward Mayle, then conferred via telephone with counsel for Knauf, Blake Hartz. However, Mr. Hartz refused to provide the information lacking from Knauf's response to JM's Interrogatory No. 1.

Having reached an impasse, JM asked Magistrate Judge Dinsmore for authorization to file this motion. Authorization was granted; following briefing, the Court granted the Motion. In that Order (Dkt. No. 197), the Court ruled that "[h]aving failed to demonstrate the responsive information is irrelevant or unduly burdensome, the Court finds Knauf has failed to satisfy its burden to show the discovery is improper…" and overruled "Knauf's objections and orders Knauf to provide a complete and unequivocal response to Interrogatory No. 1 on or before July 13, 2018." (*Id.* at 5.) Accordingly, JM was granted leave to seek an award of reasonable attorneys' fees. (*Id.*)

C.   **JM's Reasonable Attorneys' Fees.**

JM seeks an award of $48,684.73 in reasonable attorneys' fees, which represent the fees incurred by JM's outside counsel involved in prosecuting the Motion, namely, David Sipiora, Edward "Ted" Mayle, and Kevin Bell of the firm Kilpatrick Townsend & Stockton LLP, and

2

James Riley, local counsel for JM.  Attached to this Memorandum is Attachment 1 to the Declaration of Kevin Bell that details the specific fees related to the above-described meet and confer process, and the drafting and filing of JM's Motion, supporting reply brief, and relevant documents.[2]  The Attachment further provides a redacted bill for those tasks as billed to JM, prorating the fees charged when other, unrelated tasks (redacted), were billed for the days in question.

## II. JM IS ENTITLED TO ITS REASONABLE EXPENSES

Under Fed. R. Civ. P. 37(a)(5)(A), if "the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court ***must***, after giving opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless an exception applies (*i.e.,* (i) the movant "filed the motion before attempting in good faith to obtain the disclosure or discovery without court action"; (ii) "the opposing party's nondisclosure, response, or objection was substantially justified"; or (iii) "other circumstances make an award of expenses unjust."). (emphasis added).

Here, the Court granted the Motion in full.  (Dkt. No. 197 at 5.)  Further, none of the exceptions in Rule 37(a)(5)(A)(i)-(iii) apply.  In particular, as set forth in Section I.D. of the Motion and summarized above, JM went to great lengths to obtain the discovery from Knauf before approaching the Court to seek permission to file this motion.  Second, Knauf's refusal to

---

[2] Mr. Sipiora, a partner, has over 30 years of intellectual property litigation experience and charges JM a heavily discounted rate of $650 an hour.  Mr. Bell, senior associate, has over 10 years of intellectual property litigation experience and charges JM a rate of $550 an hour.  Mr. Mayle, associate, has over 8 years of intellectual property litigation experience and charges JM a rate of $495 an hour.  Mr. Riley has over 30 years of litigation experience in the State of Indiana and charges JM a rate of $435 an hour.  *See* Bell Decl. at ¶ 4.

provide the discovery was not "substantially justified." The Court found that the information sought in Interrogatory No. 1 was "incontrovertibly relevant to JM's claims and defenses," and that Knauf made "no attempt to quantify the burden of providing a more detailed response." (Dkt. No. 197 at 4-5 (internal citation omitted).) Third, JM is not aware of any "other circumstances" making an award of expenses unjust. Knauf brought this lawsuit, and it is a large corporation that can afford to reimburse JM for its reasonable expenses incurred in bringing this motion – it further seeks hundreds of millions of dollars in damages from JM. Therefore, the Rules compel an award of reasonable expenses, here in the form of JM's reasonably incurred attorneys' fees.

### III.   JM'S FEE REQUEST IS REASONABLE

Having won the motion, and with no applicable exception to fee-shifting, the only question is whether the fees billed to JM were "reasonable." *See* Rule 37(a)(5)(A). The starting point for the court's evaluation of a fee petition is a lodestar analysis, which is a computation of the reasonable hours expended multiplied by a reasonable hourly rate. *Houston v. C.G. Sec. Servs., Inc.*, 820 F.3d 855, 859-860 (7th Cir. 2016) (affirming Rule 37 award of $135,423,91 in fees and costs by Judge William T. Lawrence).[3] Here, the attorney hours expended, and the hourly rates at issue in a patent case like this are reasonable. S*ee* Decl. of Bell, Attachment 1. The fee request should be viewed in the context of Knauf's refusal to provide "incontrovertibly relevant" discovery critical to JM's ability to defend itself from Knauf's damages claim, which Knauf states exceeds two hundred million dollars, and as set forth in the Attachment 1, JM seeks only those fees related to the meet and confer process with Knauf, the hearing with the Court where authorization to file the Motion was received, drafting and filing of the Motion and the

---

[3] "The attorney's actual billing rate … is 'presumptively appropriate.'" *People Who Care v. Rockford Bd. of Educ. Sch. Dist. No. 205*, 90 F.3d 1307, 1310 (7th Cir. 1996) (citation omitted).

supporting documents, and the drafting and filing of the reply brief in support. JM does not seek further attorneys' fees or expenses unrelated to the Motion and surrounding events, and took care in its calculation of fees to prorate those billing entries where unrelated tasks were billed to JM. *See* Decl. of Bell at ¶ 3; Attachment 1.

### IV. CONCLUSION

For the foregoing reasons, JM respectfully requests an award of its reasonable expenses in connection with bringing this motion, namely $48,684.73 in attorneys' fees incurred and supported by JM's billing records.

Dated: July 13, 2018              Respectfully submitted,

*/s/ David E. Sipiora*
David E. Sipiora (*pro hac vice*)
dsipiora@kilpatricktownsend.com
Kevin M. Bell (*pro hac vice*)
kbell@kilpatricktownsend.com
Edward J. Mayle (*pro hac vice*)
tmayle@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
1400 Wewatta Street, Suite 600
Denver, CO 80202
Tel: (303) 571-4000
Fax: (303) 571-4321

James W. Riley, Jr. (No. 6073-49)
*jriley@rbelaw.com*
RILEY BENNETT & EGLOFF, LLP
141 East Washington Street
Fourth Floor
Indianapolis, IN 46204
Tel: (317) 636-8000
Fax: (317) 636-8027

*Counsel for Defendants Johns Manville Corporation and Johns Manville, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2018, a copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES PURSUANT TO RULE 37(a)(5)(A)** was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ David E. Sipiora*
David E. Sipiora
