UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KNAUF INSULATION, LLC, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 1:15-cv-00111-WTL-MJD |
| | ) |
| JOHNS MANVILLE CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTION FOR ATTORNEYS' FEES**

This matter is before the Court on Plaintiffs' Motion for Attorneys' Fees Pursuant to Rule 37(a)(5)(B) [Dkt. 454]. Plaintiffs seek $19,088.00 in attorney's fees and expenses incurred in their successful opposition to Defendants' Motion to Compel and Motion for Discovery Sanctions [Dkt. 284]. For the reasons set forth below, the Court **DENIES** Plaintiffs' Motion.

**I. Background**

This is a patent infringement action primarily relating to binding agents used in the manufacture of fiberglass insulation. In March 2018, Defendants Johns Manville Corporation and Johns Manville Inc. ("JM") filed a motion to compel asserting that the initial and two supplemental responses of Plaintiffs Knauf Insulation, LLC, Knauf Insulation GmbH, and Knauf Insulation SPRL ("Knauf") to JM's Interrogatory No. 1 were deficient. On June 28, 2018, the Court granted JM's motion and ordered Knauf to "provide a complete and unequivocal response

to Interrogatory No. 1 on or before July 13, 2018." [Dkt. 197 at 5.] Between June 14, 2018, and October 5, 2018, Knauf served three additional supplements to its response to Interrogatory No. 1. Still unsatisfied with the information provided by Knauf, JM filed a second motion to compel, after which Knauf served an additional supplemental response.[1] JM's motion to compel was denied by the Court on June 5, 2019. *See* [Dkt. 433.]

## II. Discussion

Federal Rule of Civil Procedure 37(a)(5)(B) provides that if a motion to compel is denied, the court

> must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

JM argues that Knauf is not entitled to fees because the position JM took in the relevant motion to compel[2] was substantially justified, even if the Court ultimately disagreed with its arguments, and because "the circumstances surrounding the dispute make fee shifting unjust." [Dkt. 477 at 1.]

In determining whether a party's position with regard to a discovery dispute was "substantially justified," the proper inquiry is whether the party's position was "'justified to a degree that could satisfy a reasonable person.'" *United States v. Pecore*, 664 F.3d 1125, 1137 (7th Cir. 2011) (quoting *Pierce v. Underwood,* 487 U.S. 552, 565 (1988)) (applying

---

[1] Supplemental responses were made on June 13, 2018, July 13, 2018, October 5, 2018, and November 9, 2018.
[2] JM was awarded fees after its first motion to compel relating to Interrogatory No. 1 was granted.

2

"substantially justified" standard in Rule 37(c) context). The Court does not find that JM's motion to compel as a whole was substantially justified. As explained in the Court's ruling on that motion, in large part the relief sought by JM in its motion was not consistent with the language of Interrogatory No. 1. It was not reasonable for JM to move to compel Knauf to respond to Interrogatory No. 1 with a specificity that was not warranted by the interrogatory as JM drafted it. Nor were JM's arguments with regard to privilege waiver substantially justified, again for the reasons set forth in the Court's ruling.

However, the Court finds that there are other circumstances that would make an award of fees with regard to JM's motion to compel unjust. As noted above, as a result of JM's first motion to compel, Knauf was ordered to "provide a complete and unequivocal response to Interrogatory No. 1 on or before July 13, 2018." [Dkt. 197 at 5.] Knauf did not do so. Rather, Knauf's ultimately satisfactory answers were spread over several supplemental responses, including one that was not made until after the motion to compel was filed.[3] It was reasonable and appropriate for JM to work with Knauf to obtain the additional responsive information rather than immediately seeking court intervention, and those efforts eventually resulted in JM obtaining a complete response, but the fact remains that Knauf's July 13, 2018, response fell short of what was ordered by the Court. Given the effort that JM had to expend after July 13, 2018, in order to get a complete response from Knauf, the Court finds that it would be unjust to award Knauf fees relating to JM's motion to compel. *See* Advisory Committee Note to Fed. R.

---

[3] This post-motion supplement provided information that was specifically promised by Knauf before the motion to compel was filed and that was expressly not a subject of the motion to compel. *See* [Dkt. 285 at 3 n.1] (reserving right to raise issue if Knauf did not supplement its response as promised).

Civ. P. 37(a) (1970) (noting that "the court retains the power to find that other circumstances make an award of expenses unjust--as where the prevailing party also acted unjustifiably").

### III.  Conclusion

The Court must again remind the counsel in this case that the discovery rules are structured so that discovery is supposed to be conducted by the parties without the need for significant court intervention or supervision.  Instead, the parties have turned discovery in this case into an exercise akin to the extraction of teeth, often without anesthesia, with the Court being forced by the parties to wield the forceps.

It is not the duty of a zealous advocate to try and hide the truth from their opponent.  The facts are what they are, and counsels' clients are responsible for those facts.  It is the true responsibility of counsel to facilitate the discovery of the relevant evidence in an expedited and efficient manner.  *See* Ind. R. Prof. Conduct 3.2 ("A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client."); Ind. R. Prof. Conduct 3.4(d) ("A lawyer shall not . . . fail to make a reasonably diligent effort to comply with a legally proper discovery request by an opposing party.")  Counsel may then zealously advocate the appropriate application of the law to those facts.  It is not counsels' duty to use every possible tactic in an effort to obfuscate the relevant evidence during the discovery process, which appears at times to be the misapprehension of the counsel in the case.  The parties should not expect to receive significant compensation for the dental work they are requiring the Court to perform.

For the reasons set forth above, Knauf's Motion for Attorneys' Fees Pursuant to Rule 37(a)(5)(B) [Dkt. 454] is **DENIED**.

SO ORDERED.

Dated: 8 AUG 2019

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.