UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KNAUF INSULATION, LLC, *et al.* | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 1:15-cv-00111-TWP-MJD<br>) |
| JOHNS MANVILLE CORPORATION, *et al.* | )<br>)<br>) |
| Defendants. | ) |

**ORDER ON MOTIONS TO SEAL**

This matter is before the Court on Defendants' Motions to Seal. [Dkt. 587 & Dkt. 596.] Each motion seeks to permanently seal filings containing confidential information.

**<u>Discussion</u>**

"Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010). Thus, a party may only file a document under seal if it has "good cause." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). A party has "good cause" if the document meets "the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter Int'l, Inc. v. Abbott Labs*, 297 F.3d 544, 545 (7th Cir. 2002). The Court rules on each Motion to Seal as follows:

A. Docket No. 587

Defendants request the Court to keep under seal the Memorandum in Support of their Objection and Motion for Review of Non-Dispositive Order from the Magistrate Judge [Dkt. 586] on the ground that the document contains information designated as "Attorneys' Eyes Only" by Plaintiffs pursuant to the Protective Order. Pursuant to Local Rule 5-11, Plaintiffs filed a brief in support of Defendants' motion, asserting that this document contains "reference to confidential discussions with Knauf's outside counsel regarding potential litigation with a competitor." [Dkt. 591 at 2.] Plaintiffs also filed a publicly accessible, redacted version of the document. [Dkt. 592.] Having reviewed the document sought to be maintained under seal and the authority referenced in Plaintiffs' supporting brief, and being duly advised, the Court concludes that the request meets the Seventh Circuit's requirements for permanent sealing. The Court therefore **GRANTS** Defendants' Motion [Dkt. 587]; and **the Clerk is directed to PERMANENTLY SEAL Docket No. 586.**

B. Docket No. 596

Defendants further seek to maintain its Reply in Support of their Objection and Motion for Review of Non-Dispositive Order from the Magistrate Judge [Dkt. 595], under seal on the basis that it contains information designated as "Attorney's Eyes Only" by Plaintiffs pursuant to the Court's Protective Order. On November 19, 2019, in accordance with Local Rule 5-11(d)(3), Plaintiffs filed a Statement Authorizing the Unsealing of the Document indicating that Docket No. 595 may be unsealed. [Dkt. 601.] Accordingly, the Court **DENIES** Defendants' Motion to Seal [Dkt. 596.]; and **the Clerk is directed to UNSEAL Docket No. 595.**

Pursuant to Local Rule 5-11(g), the Clerk is directed to unseal any documents as directed by this order on or after December 27, 2019, absent a Fed. R. Civ. P. 72(a) objection, motion to reconsider, appeal, or further court order.

SO ORDERED.

Dated:  5 DEC 2019

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.