UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KNAUF INSULATION, LLC, <br> KNAUF INSULATION GmbH, and <br> KNAUF INSULATION SPRL, <br> <br> Plaintiffs, <br> <br> v. <br> <br> JOHNS MANVILLE CORPORATION, and <br> JOHNS MANVILLE, INC., <br> <br> Defendants. <br> <br> JOHNS MANVILLE CORPORATION, and <br> JOHNS MANVILLE, INC., <br> <br> Counter-Claimants, <br> <br> v. <br> <br> KNAUF INSULATION GmbH, <br> KNAUF INSULATION SPRL, and <br> KNAUF INSULATION, LLC, <br> <br> Counter-Defendants. | Case No. 1:15-cv-00111-TWP-MJD |

**ORDER ON PLAINTIFFS' MOTION TO DISMISS
COUNTERCLAIMS III (IN PART), IV, AND VI**

This matter is before the Court on a Motion to Dismiss filed pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) by Plaintiffs/Counter-Defendants Knauf Insulation LLC, Knauf Insulation GmbH, and Knauf Insulation SPRL (collectively, "Knauf") (Filing No. 514). Knauf brought this action to assert claims of patent infringement against Defendants/Counter-Claimants Johns Manville Corporation and Johns Manville, Inc. (collectively, "Johns Manville"). The parties have amended their pleadings numerous times, and Knauf's Motion to Dismiss Defendants' First

Amended Answer and Counterclaims to Plaintiffs' Fifth Amended Complaint and Demand for Jury Trial (Filing No. 503), that is currently before the Court asks for dismissal of Johns Manville's Counterclaims III (in part), IV, and VI.  For the following reasons, the Court **grants in part and denies in part** Knauf's Motion to Dismiss.

## I.  BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the complaint (or in this case, the counterclaims) and draws all inferences in favor of Johns Manville as the non-moving party. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008) (standard for dismissal of a complaint); *Cozzi Iron & Metal, Inc. v. U.S. Office Equip., Inc.*, 250 F.3d 570, 574 (7th Cir. 2001) (similar standard for dismissal of a counterclaim).  This background section is not intended to be a comprehensive presentation of the facts of the case.

Plaintiff Knauf Insulation, Inc. is a Delaware corporation with its principal place of business in Shelbyville, Indiana. Knauf Insulation GmbH is a German company, and Knauf Insulation SPRL is a Belgian company.  Knauf produces and sells building materials, including insulation, such as fiberglass insulation and related products. Defendant Johns Manville is a Delaware corporation with its principal place of business in Denver, Colorado.  Johns Manville is and has been a competitor of Knauf in the U.S. market for fiberglass insulation products.  Johns Manville offers for sale in the U.S. formaldehyde-free insulation products that utilize a bio-based binder (Filing No. 308 at 2; Filing No. 503 at 3–5).

Knauf initiated this action for patent infringement against Johns Manville on January 27, 2015. Following numerous amendments to the pleadings, Knauf currently alleges that Johns Manville has violated and is continuing to violate the patent laws of the United States, 35 U.S.C.

§§ 271 and 281–285, by infringing Knauf's U.S. Patent Nos. 8,114,210; 8,940,089; D631,670; 9,039,827; 9,464,207; 9,469,747; 9,828,287; and 9,926,464 ("'464 Patent") (Filing No. 308 at 2).

Johns Manville first brought counterclaims for inequitable conduct against the '464 Patent and false marking in April 2018 (Filing No. 172). Knauf moved to dismiss those counterclaims for failure to state a claim because Johns Manville failed to plead with particularity and because Johns Manville lacked a competitive injury required by law. Johns Manville sought leave to amend, which the Court granted in connection with resolution of other motions affecting the operative pleadings on November 30, 2018 (Filing No. 307). Johns Manville filed its Answer and Counterclaims to Knauf's Fifth Amended Complaint on December 4, 2018 (Filing No. 310). Those counterclaims again asserted that the '464 Patent was unenforceable for inequitable conduct and made the same false marking claim as previously set forth. Johns Manville also added a new counterclaim for bad faith assertion of patent infringement pursuant to Indiana Code § 24-11-5-1. Knauf again moved to dismiss the '464 Patent unenforceability counterclaim on the basis of insufficient pleading, the false marking counterclaim for lack of competitive injury, and the Indiana statutory counterclaim for failure to factually plead bad faith. The Court dismissed all three of these counterclaims in its Order of April 30, 2019 (Filing No. 400). On July 18, 2019, Johns Manville again amended its counterclaims (Filing No. 503), which are the subject of the pending Motion to Dismiss under the Court's consideration.

## II.   LEGAL STANDARD

Procedural rules in a patent case are governed by the applicable law of the regional circuit. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007). Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to

dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633; *Cozzi Iron & Metal*, 250 F.3d at 574 (similar standard for dismissal of a counterclaim). However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

When considering a motion to dismiss, "a court may consider, in addition to the allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

### III. DISCUSSION

Like in its earlier motions to dismiss, Knauf argues that the Court should dismiss Johns Manville's counterclaims because the '464 Patent unenforceability counterclaim has been insufficiently pled, the false marking counterclaim has not sufficiently pled competitive injury, and the Indiana statutory counterclaim fails to factually plead bad faith. Knauf argues that Johns Manville has failed to cure the deficiencies of its prior pleadings that resulted in the earlier dismissal.

Counterclaim III alleges that the '464 Patent (as well as other Knauf patents not at issue under this Motion to Dismiss) should be declared unenforceable due to inequitable conduct of Knauf and its patent agent directed to the Patent and Trademark Office ("PTO"). To support a claim of unenforceability due to inequitable conduct, the claimant "must present evidence that the applicant (1) made an affirmative misrepresentation of material fact, failed to disclose material information, or submitted false material information, and (2) intended to deceive the PTO." *Star Sci., Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1365 (Fed. Cir. 2008) (internal punctuation marks and citations omitted). Regarding the first element, the Court is to consider the claim under a "but for" standard, asking "whether the PTO would have allowed the claim if it had been aware of the undisclosed reference." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1291 (Fed. Cir. 2011). Regarding the second element, the claim must be pled with particularity, but "malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Whether inequitable conduct claims are pled with particularity is governed by Federal Circuit law, *Cent. Admixture Pharm. Servs. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007), and under that standard, pleading inequitable conduct "requires identification of the specific, who, what, when, where, and how of the material misrepresentation

5

or omission committed before the PTO." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009).

> A charge of inequitable conduct based on a failure to disclose will survive a motion to dismiss only if the plaintiff's complaint recites facts from which the court may reasonably infer that a specific individual both knew of invalidating information that was withheld from the PTO and withheld that information with a specific intent to deceive the PTO.

*Delano Farms Co. v. Cal. Table Grape Comm'n*, 655 F.3d 1337, 1350 (Fed. Cir. 2011).

Johns Manville has added many new allegations to support Counterclaim III concerning the '464 Patent. *See* Filing No. 503 at 55–69. Johns Manville then concludes these allegations with a summarizing paragraph:

> In summary, the "who" of the inequitable conduct claim regarding the '464 Patent is Dr. Blodgett. The "what, when, where, and how" of Dr. Blodgett's inequitable conduct is summarized below. First, Dr. Blodgett buried material prior PTAB decisions on a voluminous Information Disclosure Statement without specifically highlighting those decisions, or their findings, to Examiner Heincer. Second, after Examiner Heincer provided his two reasons for allowing the '464 Patent's claims—i.e., (1) that "the closest prior art" does not disclose a reducing sugar making up between about 73% to about 96% of the dry weight of a binder solution and (2) that the Helbing reference does not disclose a "Maillard reaction"—Dr. Blodgett took the unusual step of submitting "Comments" regarding the reasons for allowance without even mentioning any of the numerous, recent PTAB and Federal Circuit decisions flatly contradicting both of Examiner Heincer's stated reasons for allowance. When Dr. Blodgett submitted his "Comments" regarding Examiner Heincer's reasons for allowance on February 13, 2018, Dr. Blodgett knew that similar claims in Knauf's similar patents had been recently found to be unpatentable over prior art that discloses the very things that Examiner Heincer said the prior art lacked in connection with his examination of the '464 Patent's claims. On information and belief, Dr. Blodgett made a deliberate decision to ignore those PTAB and Federal Circuit decisions because he wanted to deceive Examiner Heincer into issuing a patent having claims that are unpatentable over the prior art characterized by the PTAB in other proceedings involving similar claims in several of Knauf's related and similar patents.

(Filing No. 503 at 68–69, ¶ 134.)

While Johns Manville's amended pleadings add detail concerning the who, what, when, where, and how of the alleged inequitable conduct, these additional details fail to cure the deficiency of the prior pleadings. As the Court previously ruled,

> [A]ll the relevant materials cited by the Defendants were submitted to the PTO, and [] the PTO Examiner reviewed them. Dkt. No. 341 at 5-6. Considering that the Examiner reviewed the materials at issue, which is demonstrated by documents referenced in the pleadings and attached as exhibits to the parties' briefs, the pleadings fail to assert facts that, if true, would establish that the relevant materials were buried. Likewise, the Defendants' pleading that the Plaintiff concurred with the PTO Examiner's conclusion does not amount to a pleading of deceit.

(Filing No. 400 at 4.) This same deficient factual basis still exists in the amended pleadings. "[T]he materials at issue appear on the disclosure list[,]" and "the Examiner signed the disclosure list consistent with its required procedure." (Filing No. 537 at 13.) Information was not withheld from the PTO, and the facts do not bear out that materials were buried. Therefore, the Court **grants** Knauf's Motion to Dismiss Counterclaim III as to the '464 Patent.

Counterclaim IV alleges false marking, which has three elements: (1) marking upon, affixing to, or using in advertising, "in connection with any unpatented article, the word 'patent' or any word or number importing that the same is patented[;]" (2) "for the purpose of deceiving the public;" (3) thereby causing a "competitive injury" to the false marking claimant. 35 U.S.C. § 292(a)–(b). As with its earlier motion to dismiss, Knauf again argues that Johns Manville's pleadings fail to sufficiently allege the required "competitive injury," which requires more than an allegation that the parties are competitors. Knauf argues that a potential injury is insufficient, and Johns Manville's allegations only go so far as to assert potential injury.

In the Court's Order on the previous motion to dismiss, the Court concluded that Johns Manville had only pled that the parties were competitors, without alleging sufficient facts to assert a competitive injury (Filing No. 400 at 6–7). Johns Manville has cured this deficiency. The

7

amended pleadings sufficiently plead facts concerning a competitive injury to survive dismissal at this stage of the litigation. The allegations plead an injury based on Knauf's alleged false marking, and the alleged injury is more than a "potential" or "future" injury as suggested by Knauf. The Court has reviewed the amended pleadings, and this determination is based primarily on paragraphs 196, 197, 198, 255, 256, 257, 258, and 259 of the counterclaim (Filing No. 503 at 90, 103–05). Of course, Johns Manville will have to support this counterclaim with concrete evidence to move beyond the summary judgment stage of the litigation. The Court **denies** Knauf's Motion to Dismiss Counterclaim IV for false marking.

Counterclaim VI alleges bad faith assertion of patent infringement pursuant to Indiana Code § 24-11-5-1. In the previous motion to dismiss, Knauf sought dismissal of this counterclaim based on a failure to factually plead bad faith. The Court granted that motion, determining that the allegations did not support bad faith on the part of Knauf (Filing No. 400 at 8–9). Johns Manville amended its pleadings, again bringing this counterclaim and inserting additional paragraphs proffered to support the "bad faith" counterclaim. Unfortunately for Johns Manville, it has failed to cure the deficiencies in Counterclaim VI for bad faith assertion of patent infringement. The additional paragraphs of the amended counterclaim consist primarily of conclusory statements and legal assertions. For example, Johns Manville's theory that because it has pled inequitable conduct as to one patent, it has sufficiently pled bad faith here, fails because a state law cause of action cannot be invoked as a remedy for inequitable conduct. *See Dow Chem. Co. v. Exxon Corp.*, 139 F.3d 1470, 1477-77 (Fed. Cir. 1998). In addition, as argued by Knauf, Johns Manville's claims that Knauf proceeded in bad faith when it resisted dismissing one patent pending discovery fails because the public record shows that the parties' Stipulation and Motion Regarding Count V, Filing No. 189 (filed June 19, 2018), is based on representations and discovery

from Johns Manville served just the month prior on May 16, 2018. This cannot help Johns Manville's counterclaim. The Court adopts and incorporates herein the analysis and discussion of Counterclaim VI from the earlier Order at Filing No. 400 at 8–9. And for these reasons, the Court **grants** Knauf's Motion to Dismiss Counterclaim VI.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Knauf's Motion to Dismiss (Filing No. 514). The Motion is **granted** with respect to Counterclaim III as to the '464 Patent, and Counterclaim VI for bad faith assertion of patent infringement. These claims are **dismissed with prejudice**.[1] The Motion is **denied** as to Counterclaim IV for false marking survives dismissal at this stage of the litigation.

**SO ORDERED.**

Date: 6/1/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Melissa J. Baily
QUINN EMANUEL URQUHART & SULLIVAN, LLP
melissabaily@quinnemanuel.com

Kevin M. Bell
KILPATRICK TOWNSEND & STOCKTON LLP
kbell@kilpatricktownsend.com

Catherine R. Lacey
QUINN EMANUEL URQUHART & SULLIVAN, LLP
catylacey@quinnemanuel.com

Tina T. Lo
QUINN EMANUEL URQUHART & SULLIVAN, LLP
tinalo@quinnemanuel.com

---

[1] Because Johns Manville has had several opportunities to sufficiently plead its '464 Patent counterclaim and bad faith counterclaim, dismissal with prejudice is appropriate. The Seventh Circuit has noted that "dismissal under Rule 12(b)(6) . . . is a dismissal with prejudice." *Remijas*, 794 F.3d at 697.

Spiro Bereveskos
WOODARD EMHARDT HENRY REEVES &
WAGNER, LLP
judy@uspatent.com

Briana Lynn Clark
DENTONS BINGHAM GREENEBAUM LLP
(Indianapolis)
briana.clark@dentons.com

Lindsay Cooper
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
lindsaycooper@quinnemanuel.com

Duane R. Denton
DENTONS BINGHAM GREENEBAUM LLP
(Indianapolis)
rusty.denton@dentons.com

Jaclyn Michelle Flint
RILEY BENNETT EGLOFF LLP
jflint@rbelaw.com

Matthew M. Gardlik
WOODARD EMHARDT HENRY REEVES &
WAGNER, LLP
mgardlik@uspatent.com

Ella K. Hallwass
QUINN EMAUEL URGUHART & SULLIVAN
LLP
ellahallwass@quinnemanuel.com

Blake R. Hartz
WOODARD EMHARDT HENRY REEVES &
WAGNER, LLP
bhartz@uspatent.com

Daniel James Lueders
WOODARD EMHARDT HENRY
REEVES & WAGNER, LLP
lueders@uspatent.com

Brice C. Lynch
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
bricelynch@quinnemanuel.com

Edward J. Mayle
KILPATRICK TOWNSEND &
STOCKTON LLP
TMayle@kilpatricktownsend.com

Andrew M. Pendexter
DENTONS BINGHAM GREENEBAUM
LLP (Indianapolis)
andrew.pendexter@dentons.com

Kristopher L. Reed
KILPATRICK TOWNSEND &
STOCKTON LLP
kreed@kilpatricktownsend.com

James W. Riley, Jr.
RILEY BENNETT EGLOFF LLP
jriley@rbelaw.com

Charles Verhoeven
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
charlesverhoeven@quinnemanuel.com

Travis D. Whitsitt
KILPATRICK TOWNSEND &
STOCKTON LLP
twhitsitt@kilpatricktownsend.com

Lance Yang
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
lanceyang@quinnemanuel.com