# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| KNAUF INSULATION, LLC, ) <br> KNAUF INSULATION GmbH, and ) <br> KNAUF INSULATION SPRL, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> JOHNS MANVILLE CORPORATION, and ) <br> JOHNS MANVILLE, INC., ) <br> ) <br> Defendants. ) <br> ) <br> ) <br> JOHNS MANVILLE CORPORATION, and ) <br> JOHNS MANVILLE, INC., ) <br> ) <br> Counter-Claimants, ) <br> ) <br> v. ) <br> ) <br> KNAUF INSULATION GmbH, ) <br> KNAUF INSULATION SPRL, and ) <br> KNAUF INSULATION, LLC, ) <br> ) <br> Counter-Defendants. ) | Case No. 1:15-cv-00111-TWP-MJD |

## ENTRY ON DEFENDANTS' OBJECTION TO THE MAGISTRATE JUDGES ORDER AND REQUEST FOR INTERLOCUTORY APPEAL

This matter is before the Court on Defendants Johns Manville Corporation's and Johns Manville, Inc.'s (collectively, "Defendants") Objection to Magistrate Judge's Order and Request for Interlocutory Appeal (Filing No. 585). The Defendants challenge the Magistrate Judge's October 1, 2019 decision to deny their motion to compel the production of certain documents relating to communications with foreign patent agent Guy Farmer ("Farmer") (Filing No. 579).

For the reasons stated below, the Court **overrules** the Defendants' Objection to the Magistrate Judge's Order and **denies** their request for an interlocutory appeal.

## I. LEGAL STANDARD

A district court may refer for decision a non-dispositive pretrial motion to a magistrate judge under Federal Rule of Civil Procedure 72(a). Rule 72(a) provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

After reviewing objections to a magistrate judge's order, the district court will modify or set aside the order only if it is clearly erroneous or contrary to law. The clear error standard is highly differential, permitting reversal of the magistrate judge's ruling only when "the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Coley v. Landrum*, 2016 U.S. Dist. LEXIS 13377, at *3 (S.D. Ind. Feb. 4, 2016) (citation and quotation marks omitted).

The legal standard for certifying an order for interlocutory appeal is set out in statute:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

> There are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation.

> There is also a nonstatutory requirement: the petition must be filed in the district court within a *reasonable time* after the order sought to be appealed.

*Ahrenholz v. Bd. of Trs.*, 219 F.3d 674, 675 (7th Cir. 2000).

## II.    DISCUSSION

Plaintiffs Knauf Insulation LLC, Knauf Insulation GmbH, and Knauf Insulation SPRL (collectively, "Plaintiffs") are in the business of producing and selling building materials, including insulation, such as fiberglass insulation and related products. Defendants are a competitor of the Plaintiffs in the U.S. market for fiberglass insulation products. The Plaintiffs initiated this action for patent infringement against the Defendants on January 27, 2015. In response, the Defendants filed numerous counterclaims against the Plaintiffs.

On June 4, 2019, the Defendants filed a Motion to Compel the production of certain documents relating to communications with foreign patent agent Farmer (Filing No. 427). The Plaintiffs withheld the documents from the Defendants on the basis that the documents are privileged. The Defendants' Motion to Compel was referred for decision to the Magistrate Judge pursuant to Rule 72(a).

On October 1, 2019, the Magistrate Judge issued his Order, denying the Defendants' request to compel the production of the Farmer documents (Filing No. 579). In his Order, the Magistrate Judge explained that he applied (at the recommendation of the Defendants) the "touch base test," and he took to be true the Defendants' characterization of Farmer's professional status. *Id.* at 2–4. The Magistrate Judge denied the Motion to Compel on the basis that the Farmer documents are protected by the patent-agent privilege, relying on the Federal Circuit's decision in *In re Queen's Univ.*, 820 F.3d 1287 (Fed. Cir. 2016). *Id.* at 12.

Fourteen days later, on October 15, 2019, the Defendants filed their Objection to the Magistrate Judge's Order (Filing No. 585). They argue that the Court should set aside the

3

Magistrate Judge's Order and compel the production of the Farmer documents. The Defendants contend the Magistrate Judge erred by applying the patent-agent privilege to Farmer, a foreign patent agent, and compounded that error by enlarging the protection afforded to foreign patent agents beyond the protection afforded to U.S. patent agents. They argue there is a strong public policy against the creation of new privileges under Federal Rule of Evidence 501, and the Magistrate Judge erred in creating a new foreign patent-agent privilege. The Defendants assert that the Order is inconsistent with the U.S. Patent and Trademark Office's privilege rules, and the Farmer documents are relevant to the Defendants' "inequitable conduct" counterclaim, thereby overcoming any privilege.[1] The Defendants ask the Court to certify the issue for interlocutory appeal if the Plaintiffs are not compelled to produce the Farmer documents.

The Court has conducted a de novo review of the relevant filings, the parties' arguments, and the Federal Circuit's 2016 decision in *In re Queen's University at Kingston*, as well as the Magistrate Judge's discovery Order. The Federal Circuit, in *In re Queen's University at Kingston*, created the patent-agent privilege and left open the question of whether such a privilege should apply to foreign patent agents because that question was not before the Court. The breadth of any foreign patent-agent privilege also was not determined by the Federal Circuit in *In re Queen's University at Kingston*. However, the Magistrate Judge's decision is consistent with the legal principles laid out in *In re Queen's University at Kingston* as applied to foreign patent agents. The Court agrees with the Magistrate Judge's detailed analysis and conclusion regarding the discovery issue and concludes that the Defendants have not demonstrated the Magistrate Judge's Order is

---

[1] In their reply brief, the Defendants additionally argue that the Magistrate Judge erred by failing to address their waiver arguments under U.K. law. However, the Defendants failed to raise this argument in their opening brief, so the argument is waived. *See Lawrenceburg Power, LLC v. Lawrenceburg Mun. Utils.*, 410 F. Supp. 3d 943, 949 (S.D. Ind. 2019) ("New arguments and evidence may not be raised for the first time in a reply brief. Reply briefs are for replying, not raising new arguments or arguments that could have been advanced in the opening brief."); *United States v. Waldrip*, 859 F.3d 446, 450 n.2 (7th Cir. 2017) ("Arguments raised for the first time in a reply brief are waived.").

clearly erroneous or contrary to law. None of the arguments raised by the Defendants show clear error or anything contrary to law in the Order. Therefore, the Defendants' Objection is overruled, and the Magistrate Judge's ruling is upheld.

Concerning the Defendants' alternative request for interlocutory appeal, additional briefing on the issue of interlocutory appeal is necessary in order for the Court to make a determination concerning the propriety of an appeal. Therefore, at this stage, the Court denies without prejudice the Defendants' request for interlocutory appeal. The Defendants may file such a motion with a supporting brief if they decide to pursue an interlocutory appeal.

### III.  CONCLUSION

For the foregoing reasons, the Defendants' Objection to the Magistrate Judge's Order is **OVERRULED** and their Request for Interlocutory Appeal is **DENIED without prejudice** to refile ([Filing No. 585](#)).

**SO ORDERED.**

Date: 6/12/2020

*[Signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Melissa J. Baily
QUINN EMANUEL URQUHART & SULLIVAN, LLP
melissabaily@quinnemanuel.com

Catherine R. Lacey
QUINN EMANUEL URQUHART & SULLIVAN, LLP
catylacey@quinnemanuel.com

Kevin M. Bell
KILPATRICK TOWNSEND & STOCKTON LLP
kbell@kilpatricktownsend.com

Tina T. Lo
QUINN EMANUEL URQUHART & SULLIVAN, LLP
tinalo@quinnemanuel.com

Spiro Bereveskos
WOODARD EMHARDT HENRY REEVES & WAGNER, LLP
judy@uspatent.com

Daniel James Lueders
WOODARD EMHARDT HENRY REEVES & WAGNER, LLP
lueders@uspatent.com

| | |
|---|---|
| Briana Lynn Clark<br>DENTONS BINGHAM GREENEBAUM LLP (Indianapolis)<br>briana.clark@dentons.com | Brice C. Lynch<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>bricelynch@quinnemanuel.com |
| Lindsay Cooper<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>lindsaycooper@quinnemanuel.com | Edward J. Mayle<br>KILPATRICK TOWNSEND & STOCKTON LLP<br>TMayle@kilpatricktownsend.com |
| Duane R. Denton<br>DENTONS BINGHAM GREENEBAUM LLP (Indianapolis)<br>rusty.denton@dentons.com | Andrew M. Pendexter<br>DENTONS BINGHAM GREENEBAUM LLP (Indianapolis)<br>andrew.pendexter@dentons.com |
| Jaclyn Michelle Flint<br>RILEY BENNETT EGLOFF LLP<br>jflint@rbelaw.com | Kristopher L. Reed<br>KILPATRICK TOWNSEND & STOCKTON LLP<br>kreed@kilpatricktownsend.com |
| Matthew M. Gardlik<br>WOODARD EMHARDT HENRY REEVES & WAGNER, LLP<br>mgardlik@uspatent.com | James W. Riley, Jr.<br>RILEY BENNETT EGLOFF LLP<br>jriley@rbelaw.com |
| Ella K. Hallwass<br>QUINN EMAUEL URGUHART & SULLIVAN LLP<br>ellahallwass@quinnemanuel.com | Charles Verhoeven<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>charlesverhoeven@quinnemanuel.com |
| Blake R. Hartz<br>WOODARD EMHARDT HENRY REEVES & WAGNER, LLP<br>bhartz@uspatent.com | Travis D. Whitsitt<br>KILPATRICK TOWNSEND & STOCKTON LLP<br>twhitsitt@kilpatricktownsend.com |
| David D. Doak<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111 | Lance Yang<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>lanceyang@quinnemanuel.com |