UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KNAUF INSULATION, LLC, <br> KNAUF INSULATION GmbH, <br> and KNAUF INSULATION SPRL, <br><br> Plaintiffs, <br><br> v. <br><br> JOHNS MANVILLE CORPORATION, <br> and JOHNS MANVILLE, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:15-cv-00111-TWP-MJD <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER ON DEFENDANTS' RULE 72 OBJECTION TO MAGISTRATE JUDGE'S ORDER DENYING MOTION TO COMPEL, AND MOTION FOR ORAL ARGUMENT**

This matter is before the Court on Defendant Johns Manville Corporation and Johns Manville, Inc.'s (collectively, "JM") Rule 72 Objection to Magistrate Judge's Order Denying Motion to Compel (Filing No. 763). Plaintiffs Knauf Insulation LLC, Knauf Insulation GmbH, and Knauf Insulation SPRL (collectively, "Knauf") initiated this action against JM asserting claims of patent infringement. The parties have amended their pleadings numerous times and have engaged in significant discovery, including discovery disputes. One such discovery dispute is JM's motion to compel discovery regarding the inventorship of the asserted "D'670 design patent." The Court referred that motion to the Magistrate Judge for a decision. The Magistrate Judge issued an Order denying the motion to compel discovery regarding the inventorship of the asserted D'670 design patent (Filing No. 747). Thereafter, JM filed the pending Rule 72 Objection to Magistrate Judge's Order Denying Motion to Compel (Filing No. 763). For the reasons stated below, the Court **overrules** JM's Objection to the Magistrate Judge's Order.

## I.     LEGAL STANDARD

A district court may refer for decision a non-dispositive pretrial motion to a magistrate judge under Federal Rule of Civil Procedure 72(a). Rule 72(a) provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

After reviewing objections to a magistrate judge's order, the district court will modify or set aside the order only if it is clearly erroneous or contrary to law. The clear error standard is highly differential, permitting reversal of the magistrate judge's ruling only when "the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Coley v. Landrum*, 2016 U.S. Dist. LEXIS 13377, at *3 (S.D. Ind. Feb. 4, 2016) (citation and quotation marks omitted).

The federal discovery rules are liberally construed. *Spier v. Home Ins. Co.*, 404 F.2d 896, 899 (7th Cir. 1968). "The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law. Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) (internal citation omitted). Magistrate judges (and district judges) "enjoy extremely broad discretion in controlling discovery." *Jones v. City of Elkhart*, 737 F.3d 1107, 1115 (7th Cir. 2013).

## II.    DISCUSSION

Plaintiffs Knauf are manufacturers and suppliers of, among other things, fiber glass insulation products for the residential and commercial markets. Defendants JM are direct competitors. The asserted patents in this matter relate to insulation for buildings. In its motion to compel, JM sought to compel discovery regarding the inventorship of the asserted D'670 design patent, which depicts a piece of insulation that resulted from using a sugar-binder described in the utility patents. In 2005, Knauf employee Dr. Brian Swift ("Dr. Swift") developed a sugar-based insulation binder for Knauf, and Knauf filed a provisional utility patent application claiming the binder in July 2005.

After Dr. Swift left Knauf in 2007, Dr. Roger Jackson ("Dr. Jackson") led a team of Knauf employees who worked to improve the appearance of the insulation made with a later version of the binder. On December 31, 2008, Knauf filed an application for the D'670 patent. The application named Dr. Jackson as the sole inventor and included a photograph that showed the appearance of the insulation product that the design patent embodied. The photographed insulation product was manufactured after Dr. Swift left Knauf. During the prosecution of the D'670 patent, Knauf submitted a declaration from Dr. Jackson explaining that he was the original and first inventor of the subject matter.

On January 27, 2015, Knauf filed this patent infringement case. In November 2017, JM asserted in its counterclaims that the D'670 patent is unenforceable because of inequitable conduct by Knauf before the United States Patent and Trademark Office (the "PTO"). JM alleges that Knauf withheld prior art—the brown insulation made by Dr. Swift in 2005—from the PTO, and if the PTO had been aware of Dr. Swift's prior art, the PTO would not have issued the design patent. Thereafter, on July 3, 2018, Knauf filed a request for certificate of correction with the PTO, seeking

3

to change the inventor on the D'670 patent from Dr. Jackson to Dr. Swift on the basis that naming Dr. Jackson as the inventor was an error. Dr. Jackson and Dr. Swift submitted statements in support of the request for certificate of correction indicating that they either agreed to the change of inventorship or had no disagreement in regard to the requested change.

JM sought discovery regarding the inventorship of the asserted D'670 design patent and the change of inventorship and correction before the PTO. Knauf responded to the discovery requests but also raised the attorney-client privilege to withhold information. JM then filed a motion to compel, asking the Court to compel Knauf to produce discovery regarding the inventorship of the asserted D'670 design patent that Knauf withheld as privileged. The Magistrate Judge denied the motion to compel, determining that Knauf had not put at issue any attorney-client communications that would have waived the privilege (Filing No. 747).

In its Rule 72 Objection to the Magistrate Judge's Order denying the motion to compel, JM asserts that the Order is clearly erroneous because it failed to apply controlling Federal Circuit case law regarding the test for waiver of the attorney-client privilege. Citing *Zenith Radio Corp. v. United States*, 764 F.2d 1577 (Fed. Cir. 1985), JM argues the Federal Circuit adopted the *Hearn* test for determining whether the attorney-client privilege has been waived.

> Under the *Hearn* test, waiver exists if "(1) assertion of the privilege was a result of some affirmative act, such as filing suit, by the asserting party; (2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and (3) application of the privilege would have denied the opposing party access to information vital to his defense." *Id.* (quoting *Hearn*, 68 F.R.D. at 581). The *Hearn* test "denies a plaintiff the privilege if he places the matter subject to the privilege ***in issue*** and the information is vital to the defendant's case." *Afro-Lecon, Inc. v. United States*, 820 F.2d 1198, 1204-05 (Fed. Cir. 1987) (emphasis added); *see also Hearn v. Rhay*, 68 F.R.D. 574 (E.D. Wash. 1975).

(Filing No. 764 at 14.) Two years after *Zenith*, the Federal Circuit expressly adopted the *Hearn* test as its standard for determining privilege waiver, pointing to *Afro-Lecon*, 820 F.2d at 1205. JM

4

argues that the Federal Circuit in *Winbond Elecs. Corp. v. ITC*, 2001 U.S. App. LEXIS 25113 (Fed. Cir. Aug. 22, 2001), applied the *Hearn* test when it affirmed the International Trade Commission's underlying decision applying the *Hearn* test. And numerous other courts have applied the *Hearn* test when applying Federal Circuit law. JM asserts that, had the Magistrate Judge properly applied the *Hearn* test factors, the motion to compel would have been granted.

JM also criticizes the Magistrate Judge's Order for citing non-patent cases when determining that the attorney-client privilege had not been waived and for distinguishing some of JM's case law based upon an amendment to 35 U.S.C. § 256.

After reviewing the parties' briefing and arguments for the pending Rule 72 Objection as well as the briefing and arguments for the underlying motion to compel and the cited case law, the Court concludes that the Magistrate Judge's Order does not commit error that warrants a modification. The Magistrate Judge correctly determined that the Federal Circuit did not adopt the *Hearn* test as the exclusive test for determining whether the attorney-client privilege has been waived. The Federal Circuit explained in *Zenith*,

> The government contends that the proper standard ***for this case*** is the balancing test rather than the *Hearn* test . . . . ***We find it unnecessary to decide which of these two standards is appropriate in this case***, since we conclude that under either standard the government's claim of privilege should have been allowed.

*Zenith*, 764 F.2d at 1580 (emphasis added). The Federal Circuit further explained, "***Under both the balancing test and Hearn***, the party seeking the information must make a strong showing of need in order to breach the privilege." *Id.* (emphasis added). *Zenith* did not establish the *Hearn* test as the exclusive test for determining attorney-client privilege waiver.

JM is correct that two years after *Zenith*, the Federal Circuit expressly adopted the *Hearn* test as its standard for determining privilege waiver, pointing to *Afro-Lecon*. However, the Federal Circuit did not establish the *Hearn* test as the exclusive test for privilege waivers in *Afro-Lecon*.

For that particular case, the Federal Circuit decided to apply the balancing approach suggested in *Hearn*: "We believe that this approach is too rigid and choose instead the balancing approach suggested in *Hearn* and elsewhere. This is particularly appropriate where the civil case is not in court . . . ." *Afro-Lecon*, 820 F.2d at 1205.

The Court notes that JM criticizes the Magistrate Judge's Order for citing non-patent cases when he determined that the attorney-client privilege had not been waived. Yet, two of the primary cases upon which JM most heavily relies are not patent cases. *Afro-Lecon* is not a patent case and did not involve the attorney-client privilege, and *Zenith* is not a patent case. JM also relies heavily on the *Winbond* case for its argument that the *Hearn* test is the test of the Federal Circuit. But as the Magistrate Judge correctly observed, *Winbond* did not establish the *Hearn* test as the exclusive test for determining privilege waiver in the Federal Circuit because the party had conceded waiver: "On appeal, Atmel concedes that it waived its attorney-client privilege and work product protection." *Winbond*, 2001 U.S. App. LEXIS 25113, at *31. That the underlying decision of the International Trade Commission applied the *Hearn* test does not lead to the conclusion that the Federal Circuit established in *Winbond* that the *Hearn* test is the exclusive test for determining privilege waiver.

JM points to numerous decisions from the Court of Federal Claims in support of his argument that the *Hearn* test is the test of the Federal Circuit. But as counsel knows, the Court of Federal Claims is not the same as the Federal Circuit, and the Court of Federal Claims does not establish binding precedent for this Court. And that court even acknowledged there is no binding precedent from the Federal Circuit regarding application of the *Hearn* test or a different test. "***In the absence of binding precedent on the issue of the appropriate standard to apply in evaluating the existence of an at-issue implied waiver***, the court joins with the *Blue Lake Forest Products,*

*Inc.* court in adopting the *Hearn* standard as a reasonable approach." *Eden Isle Marina, Inc. v. United States*, 89 Fed. Cl. 480, 503 (2009) (emphasis added). The Court concludes that it was an incorrect statement in *Blue Lake Forest Prods. v. United States*, 75 Fed. Cl. 779 (2007) and *UUSI, LLC v. United States*, 121 Fed. Cl. 218 (2015)—two decisions issued by the same judge—that the *Hearn* test was adopted by the Federal Circuit in *Zenith*.

Under the *Hearn* test that JM advocates, privilege waiver exists if three conditions are met—one of which requires that the protected information be put at issue. The Magistrate Judge concluded that Knauf did not put at issue its attorney-client communications. Thus, with one of the conditions for waiver not being met, the Magistrate Judge concluded that the privilege remained in place to preclude discovery. While the Magistrate Judge did not address the "at issue" element within the context of the *Hearn* test as JM desires, the Court sees no legal or factual error in the Magistrate Judge's decision. Therefore, the Court concludes that the Magistrate Judge's Order Denying Motion to Compel need not be disturbed.

After JM filed its reply brief in support of its Rule 72 Objection, JM also filed a Motion for Oral Argument on the Rule 72 Objection (Filing No. 784). The Court determines that the parties' briefing was sufficient to address the issues, and there is no need for oral argument on the Rule 72 Objection, so the Motion for Oral Argument is **denied**.

### III.  CONCLUSION

For the foregoing reasons, JM's Rule 72 Objection to Magistrate Judge's Order Denying Motion to Compel (Filing No. 763) is **OVERRULED**, and the Motion for Oral Argument (Filing No. 784) is **DENIED AS MOOT**.

**SO ORDERED.**

Date: 6/10/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Brett J. Arnold
Quinn Emanuel Urquhart & Sullivan LLP
brettarnold@quinnemanuel.com

Melissa J. Baily
QUINN EMANUEL URQUHART & SULLIVAN, LLP
melissabaily@quinnemanuel.com

Kevin M. Bell
KILPATRICK TOWNSEND & STOCKTON LLP
kbell@kilpatricktownsend.com

Spiro Bereveskos
Woodard Emhardt Henry Reeves & Wagner, LLP
judy@uspatent.com

Briana Lynn Clark
DENTONS BINGHAM GREENEBAUM LLP (Indianapolis)
briana.clark@dentons.com

Lindsay Cooper
QUINN EMANUEL URQUHART & SULLIVAN, LLP
lindsaycooper@quinnemanuel.com

Hannah Elizabeth Dawson
Quinn Emanuel Urquhart & Sullivan, LLP
hannahdawson@quinnemanuel.com

Duane R. Denton
DENTONS BINGHAM GREENEBAUM LLP (Indianapolis)
rusty.denton@dentons.com

David D. Doak
QUINN EMANUEL URQUHART & SULLIVAN, LLP
daviddoak@quinnemanuel.com

Blake R. Hartz
WOODARD EMHARDT HENRY REEVES & WAGNER, LLP
bhartz@uspatent.com

Valerie Anne Lozano, I
Quinn Emanuel Urquhart & Sullivan
valerielozano@quinnemanuel.com

Daniel James Lueders
WOODARD EMHARDT HENRY REEVES & WAGNER, LLP
lueders@uspatent.com

Brice C. Lynch
QUINN EMANUEL URQUHART & SULLIVAN, LLP
bricelynch@quinnemanuel.com

Edward J. Mayle
KILPATRICK TOWNSEND & STOCKTON LLP
TMayle@kilpatricktownsend.com

Kristopher L. Reed
KILPATRICK TOWNSEND & STOCKTON LLP
kreed@kilpatricktownsend.com

James W. Riley, Jr.
RILEY BENNETT EGLOFF LLP
jriley@rbelaw.com

Charles Verhoeven
QUINN EMANUEL URQUHART & SULLIVAN, LLP
charlesverhoeven@quinnemanuel.com

Scott Watson
QUINN EMANUEL URQUHART OLIVER & HEDGES
scottwatson@quinnemanuel.com

Jaclyn Michelle Flint
RILEY BENNETT EGLOFF LLP
jflint@rbelaw.com

Matthew M. Gardlik
WOODARD EMHARDT HENRY REEVES
& WAGNER, LLP
mgardlik@uspatent.com

Ella K. Hallwass
QUINN EMAUEL URGUHART &
SULLIVAN LLP
ellahallwass@quinnemanuel.com

Travis D. Whitsitt
KILPATRICK TOWNSEND & STOCKTON
LLP
twhitsitt@kilpatricktownsend.com

Lance Yang
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
lanceyang@quinnemanuel.com