UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KNAUF INSULATION, LLC,<br>KNAUF INSULATION GmbH,<br>KNAUF INSULATION SPRL,<br><br>Plaintiffs,<br><br>v.<br><br>JOHNS MANVILLE CORPORATION,<br>JOHNS MANVILLE, INC.,<br><br>Defendants.<br><br>JOHNS MANVILLE CORPORATION,<br>JOHNS MANVILLE, INC.,<br><br>Counter Claimants,<br><br>v.<br><br>KNAUF INSULATION GmbH,<br>KNAUF INSULATION SPRL,<br>KNAUF INSULATION, LLC,<br><br>Counter Defendants. | Case No. 1:15-cv-00111-TWP-MJD |

**SEALED ORDER ON DEFENDANTS' MOTION TO STRIKE
EXHIBIT 2440 (DKT. 893) FROM THE SUMMARY JUDGMENT RECORD**

This matter is before the Court on Defendants Johns Manville Corporation and Johns Manville, Inc.'s (collectively, "JM") Motion to Strike Exhibit 2440 (Dkt. 893) from the Summary Judgment Record (Filing No. 896).

Last year, the parties finally filed their omnibus motions for summary judgment and motions to adopt claim construction. On June 17, 2022, the Court held a hearing on the cross-motions. During the hearing, Plaintiffs Knauf Insulation LLC, Knauf Insulation GmbH, and Knauf Insulation SPRL (collectively, "Knauf") referred to an exhibit that had not previously been filed—

an October 7, 2021 Expert Report of Lance Rake ("Rake"), labeled Exhibit 2440 ("Exhibit 2440"). Following the hearing, Knauf filed a Notice Regarding Submission of Hearing Exhibits in which Knauf stated it was submitting two exhibits, including Exhibit 2440,[1] to purportedly aid the Court's resolution of the cross-motions. JM now moves to strike Exhibit 2440 from the summary judgment and claim construction record (Filing No. 896).

For the following reasons, the Court **grants** JM's Motion to Strike.

## I.    BACKGROUND

On October 29, 2021, the Court entered its Second Amended Case Management Order ("Case Management Order") establishing the parties' summary judgment briefing deadlines (Filing No. 777; Filing No. 836 at 9 (amending certain deadlines)). The Case Management Order specified that the parties' summary judgment briefs must also address all issues of claim construction, infringement/non-infringement, and invalidity,[2] and that "[a]ny motion to limit or preclude evidence (including expert testimony) in connection with dispositive motions must also be presented at [the same] time" (Filing No. 836 at 9).

On March 4, 2022, Knauf timely filed its motion and supporting brief, along with almost sixty exhibits[3] (Filing No. 825; Filing No. 826). JM then filed its motion and combined brief in support and response to Knauf's motion (Filing No. 842; Filing No. 843), and on May 13, 2022, Knauf filed its combined response to JM's motion and reply in support of its own motion, along with another approximately thirty-four exhibits (Filing No. 862; Filing No. 863).

---

[1] JM does not move to strike the other exhibit referred to in the Notice Regarding Submission of Hearing Exhibits.

[2] The Court will accordingly refer to the parties' combined summary judgment and claim construction motions and briefs as their "summary judgment" motions and briefs, respectively.

[3] Two exhibits that were "referred to" in Knauf's summary judgment brief were "inadvertently not attached" to Knauf's brief and later filed on March 7 and 8, 2022, respectively (Filing No. 830; Filing No. 832).

Knauf did not file Exhibit 2440 (Rake's expert report) with either of its summary judgment briefs. However, with its combined response and reply, Knauf filed the Declaration of Lance Rake, labeled Exhibit 2731 ("Rake's Declaration") (Filing No. 863-4). Rake's Declaration refers to Exhibit 2440, but Exhibit 2440 is not attached to or incorporated into Rake's Declaration. *Id.* at ¶ 2 ("As part of my work in this case, I have issued a report opinion on infringement and a rebuttal report opining on validity of the D'670 Patent asserted in this case, which have been marked as *Exhibits 2440* and 2441, respectively." (emphasis added)).

On May 27, 2022, JM filed its reply in support of its own motion, arguing in part that the opinions in Rake's Declaration were conclusory and insufficient to support Knauf's claims (Filing No. 870 at 11–15). JM's reply brief concluded the summary judgment briefing (Filing No. 836).

Three weeks later, on June 17, 2022, the Court held a hearing on the parties' cross-motions (Filing No. 897). Knauf did not include Exhibit 2440 on its Exhibit List for the hearing (Filing No. 877). During the hearing, though, Knauf addressed JM's challenge to the opinions in Rake's Declaration. Knauf argued that Rake's opinions were supported by Rake's expert report, Exhibit 2440. Knauf stated it would have filed Exhibit 2440 with its summary judgment briefs had it known before JM filed its reply that JM would challenge Rake's Declaration. Knauf offered to submit Exhibit 2440 to the Court, but Knauf did not seek to admit Exhibit 2440 during the hearing and did not request or receive leave to submit it after the hearing.

Nevertheless, shortly after the hearing, Knauf filed its Notice Regarding Submission of Hearing Exhibits, stating Knauf was filing two exhibits "referenced" at the hearing "that may be helpful to the Court in resolving the issues" (Filing No. 892). Knauf then filed Exhibit 2440 (Filing No. 893). On June 21, 2022, JM moved to strike Exhibit 2440 from the summary judgment record, arguing Knauf was belatedly attempting to introduce new evidence (Filing No. 896).

## II. DISCUSSION

JM argues that Exhibit 2440 should be stricken because: (A) it is untimely and violates the Court's Local Rules and Case Management Order; (B) Knauf has waived any arguments based on Exhibit 2440; (C) the late submission would prejudice JM; and (D) Exhibit 2440 is not sworn or verified and is thus inadmissible. The Court will address each argument in turn.

### A.   Timeliness

JM first argues that Knauf's attempt to submit Exhibit 2440 violates this Court's Local Rule 56-1 and the Case Management Order (Filing No. 896 at 2). Local Rule 56-1 requires any party seeking or opposing summary judgment to file and serve briefs "and any evidence (that is not already in the record) that the party relies on" to support or oppose summary judgment. S.D. Ind. L.R. 56-1(a)–(b). Local Rule 56-1 also establishes the circumstances under which a party may file a surreply, and the time for doing so. *Id.* at ¶ (d). The Case Management Order established the parties' deadlines for filing their respective summary judgment briefs (Filing No. 836).

Knauf does not dispute that it failed to file Exhibit 2440 with either of its summary judgment briefs, in violation of Local Rule 56-1, or at any time before the briefing deadlines in the Case Management Order. Knauf notes that Exhibit 2440 was "referenced" in a timely-filed exhibit, Rake's Declaration (Filing No. 898 at ¶ 1), but a reference is not a filing. Knauf also argues that it had no earlier opportunity to present Exhibit 2440, so its untimely submission should be excused. *Id.* Knauf contends that because JM challenged Rake's Declaration in JM's reply, "i.e., the fourth and final brief in the schedule," Knauf did not have an earlier opportunity to submit Exhibit 2440. *Id.* This argument is unconvincing for two reasons.

First, it is Knauf's responsibility to submit "any evidence" it relies on in seeking or opposing summary judgment. S.D. Ind. L.R. 56-1(b). Knauf submitted nearly one hundred exhibits with its two summary judgment briefs, including Rake's Declaration (Filing No. 863-4) and Rake's rebuttal

4

expert report (Filing No. 826-30). Yet Rake's primary expert report (Exhibit 2440) was not one of those exhibits. If Knauf believed that Exhibit 2440 supported the opinions in Rake's Declaration, then Knauf should have filed Exhibit 2440 with the Declaration. Once JM objected to Rake's Declaration, Knauf could have filed a surreply brief under Local Rule 56-1(d), but that Rule "does not permit [Knauf] to file additional evidence, as the Local Rules are clear that all of [Knauf's] evidence should have been filed with the response brief, see Local Rule 56-1(b)." *Estate of Williams v. Indiana State Police*, 26 F. Supp. 3d 824, 838 (S.D. Ind. 2014). Knauf cannot cure errors as to the sufficiency or admissibility of Rake's Declaration by offering new evidence after the conclusion of briefing.

Second, and more importantly, Knauf had ample opportunity before and during the June 17, 2022 hearing to submit Exhibit 2440. JM filed its reply challenging Rake's Declaration on May 27, 2022. During the three weeks between then and the hearing, Knauf could have filed a surreply, S.D. Ind. L.R. 56-1(d), or moved to extend the summary judgment briefing deadlines. But Knauf did not file anything related to Exhibit 2440 at any time in those three weeks. Knauf did not even include Exhibit 2440 on its hearing Exhibit List, attempt to admit Exhibit 2440 during the hearing, or orally request leave to file Exhibit 2440 after the hearing. Instead, Knauf simply filed Exhibit 2440 after the hearing, without leave of Court.

There is no good cause to excuse Knauf's failure to comply with Local Rule 56-1 and the Case Management Order. Exhibit 2440 should therefore be **stricken** from the summary judgment record.

**B.** **Waiver**

JM also argues that Knauf has waived "any and all summary judgment positions that rely on Exhibit 2440" (Filing No. 896 at 3). Knauf responds that it did not waive arguments based on Exhibit 2440 because it had no earlier opportunity to submit Exhibit 2440 (Filing No. 898 at ¶ 2).

5

As the Court has already held, Knauf had plenty of opportunities to submit Exhibit 2440 before or during the June 17, 2022 hearing. Knauf has therefore waived its opportunity to make Exhibit 2440 a part of the summary judgment record. However, Knauf's timely-filed references to Exhibit 2440 (*see* Rake's Declaration, Filing No. 863-4), though hollow, are not waived.

**C.    Prejudice**

JM next contends that Knauf's late submission of Exhibit 2440 is prejudicial because it denies JM the opportunity to challenge Exhibit 2440 (Filing No. 896 at 3). JM's argument is well taken. In complex, highly technical cases like this one, expert opinions are extremely important. By waiting to file Rake's primary expert report (Exhibit 2440) until after the close of briefing and after oral argument, Knauf deprived JM of any opportunity to respond to or rebut that expert report for purposes of summary judgment.

Knauf responds that JM has not been prejudiced because JM has had a copy of Exhibit 2440 since November 1, 2021, and because JM previously deposed Rake (Filing No. 898 at ¶ 3). Knauf also argues that JM had "adequate opportunity to address Prof. Rake's infringement opinions" at the June 17, 2021 hearing. *Id.* But JM had no reason to address Exhibit 2440 in its briefs or at the hearing because Knauf did not submit Exhibit 2440 with any of its summary judgment filings, including its hearing exhibit list. JM was not obligated to address all available evidence on summary judgment, particularly in a case as lengthy and as voluminous as this one (Filing No. 900 at 4). JM was only required to address the evidence submitted to the Court, and that evidence did not include Exhibit 2440.

Allowing Knauf to submit Exhibit 2440 as a summary judgment exhibit weeks after the close of briefing and after oral argument would prejudice JM and would not promote efficiency or judicial economy.

    **D.**    <u>**Admissibility**</u>

JM lastly argues that Exhibit 2440 should be stricken because it is not sworn or verified. Under Rule 56, when a party asserts that a fact is undisputed or disputed, that party must support its assertion by citing to the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the declarant is competent to testify on the matters stated. Fed. R. Civ. P. 56(c)(4).

Without an affidavit or declaration verifying the statements in an expert's report, the report is inadmissible hearsay. *Wittmer v. Peters*, 87 F.3d 916, 917 (7th Cir. 1996) (describing unverified reports as "unsworn, hence not affidavits, hence not, strictly speaking, admissible to support or oppose summary judgment"). "It is well settled that unsworn statements, including expert reports, are inadmissible to support or oppose summary judgment." *Estate of Williams*, 26 F. Supp. 3d at 837 (citing *Wittmer*, 87 F.3d at 917, *Vest v. Al-Shami*, No. 12-cv-39, 2014 WL 773231, at *6 (S.D. Ind. Feb. 24, 2014), *Wirick v. Consolidated Rail Corp.*, No. 09-cv-352, 2010 WL 2670689, at *3 (S.D. Ind. June 29, 2010)); *see Betts v. Wal-Mart Stores Inc.*, No. 18-cv-2923, 2021 WL 4355392, at *6 (S.D. Ind. Sept. 24, 2021) ("An unsigned, unsworn, unauthenticated expert report is not admissible at the summary judgment stage.").

In response, Knauf argues that Exhibit 2440 was sufficiently verified by Rake's Declaration, which "describe[es] his work and opinions in this matter" and states: "For the reasons discussed in my reports, in summary it is my opinion that the D'670 Patent is valid and infringed by JM's accused products" (Filing No. 898 at ¶ 4). Knauf's position is not persuasive. As it relates to Exhibit 2440, Rake's Declaration only verifies that: he prepared Exhibit 2440 and Exhibit 2441 (his rebuttal report) as part of his work in this case; his qualifications are detailed in Exhibit 2440; his work in this case is detailed in Exhibits 2440 and 2441; Exhibit 2440 includes a compilation

of patent drawings reprinted in the Declaration; and his opinion is based on the reasons discussed in Exhibits 2440 and 2441 (Filing No. 863-4 at ¶¶ 2–4, 17–18). These statements, at most, authenticate Exhibit 2440. They do not verify Exhibit 2440's contents. Exhibit 2440 is thus inadmissible. *Wittmer*, 87 F.3d at 917. Knauf's failure to verify Exhibit 2440 constitutes an additional reason why Exhibit 2440 should be stricken from the summary judgment record.

### III.  CONCLUSION

For the reasons stated above, the Court **GRANTS** JM's Motion to Strike Exhibit 2440 (Dkt. 893) from the Summary Judgment Record (Filing No. 896). Exhibit 2440 (Filing No. 893) is **STRICKEN** from the summary judgment record. The Court will not consider Exhibit 2440 in ruling on the parties' cross-motions for summary judgment.

Because of the nature of some of the matters in this Order, this Order shall be **docketed as a SEALED order**, accessible only to the Court and the parties. The parties are **ordered** to confer and agree on a redacted version of this Order that can be filed on the public docket within **fourteen (14) days** of this Entry.

    **SO ORDERED**.

    Date:   3/30/2023

_Tanya Walton Pratt_
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Brett J. Arnold
QUINN EMANUEL URQUHART & SULLIVAN LLP
brettarnold@quinnemanuel.com

Melissa J. Baily
QUINN EMANUEL URQUHART & SULLIVAN, LLP
melissabaily@quinnemanuel.com

Brent R. Baughman
DENTONS BINGHAM GREENEBAUM LLP (Louisville)
brent.baughman@dentons.com

Kevin M. Bell
KILPATRICK TOWNSEND & STOCKTON LLP
kbell@kilpatricktownsend.com

Spiro Bereveskos
WOODARD EMHARDT HENRY REEVES & WAGNER, LLP
judy@uspatent.com

A. Richard M. Blaiklock
LEWIS WAGNER, LLP
rblaiklock@lewiswagner.com

Briana Lynn Clark
DENTONS BINGHAM GREENEBAUM LLP (Indianapolis)
briana.clark@dentons.com

Lindsay Cooper
QUINN EMANUEL URQUHART & SULLIVAN, LLP
lindsaycooper@quinnemanuel.com

Hannah Elizabeth Dawson
QUINN EMANUEL URQUHART & SULLIVAN, LLP
hannahdawson@quinnemanuel.com

Duane R. Denton
DENTONS BINGHAM GREENEBAUM LLP (Indianapolis)
rusty.denton@dentons.com

David D. Doak
QUINN EMANUEL URQUHART & SULLIVAN, LLP
daviddoak@quinnemanuel.com

Jaclyn Michelle Flint
RILEY BENNETT EGLOFF LLP
jflint@rbelaw.com

Matthew M. Gardlik
WOODARD EMHARDT HENRY REEVES & WAGNER, LLP
mgardlik@uspatent.com

Meaghan Klem Haller
DENTONS BINGHAM GREENEBAUM LLP (Indianapolis)
meaghan.haller@dentons.com

Ella K. Hallwass
QUINN EMAUEL URGUHART & SULLIVAN LLP
ellahallwass@quinnemanuel.com

Blake R. Hartz
WOODARD EMHARDT HENRY REEVES & WAGNER, LLP
bhartz@uspatent.com

Valerie Anne Lozano, I
QUINN EMANUEL URQUHART & SULLIVAN
valerielozano@quinnemanuel.com

Daniel James Lueders
WOODARD EMHARDT HENRY REEVES & WAGNER, LLP
lueders@uspatent.com

Brice C. Lynch
QUINN EMANUEL URQUHART & SULLIVAN, LLP
bricelynch@quinnemanuel.com

Duane Lyons
QUINN EMANUEL URQUHART & SULLIVAN
duanelyons@quinnemanuel.com

Edward J. Mayle
KILPATRICK TOWNSEND & STOCKTON LLP
TMayle@kilpatricktownsend.com

Kristopher L. Reed
KILPATRICK TOWNSEND & STOCKTON LLP
kreed@kilpatricktownsend.com

James W. Riley, Jr.
RILEY BENNETT EGLOFF LLP
jriley@rbelaw.com

Owen Fullerton Roberts
QUINN EMANUEL URQUHART & SULLIVAN LLP
owenroberts@quinnemanuel.com

Charles Verhoeven
QUINN EMANUEL URQUHART & SULLIVAN, LLP
charlesverhoeven@quinnemanuel.com

Scott Watson
QUINN EMANUEL URQUHART OLIVER & HEDGES
scottwatson@quinnemanuel.com

Travis D. Whitsitt
KILPATRICK TOWNSEND & STOCKTON LLP
twhitsitt@kilpatricktownsend.com

Lance Yang
QUINN EMANUEL URQUHART & SULLIVAN, LLP
lanceyang@quinnemanuel.com