## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KNAUF INSULATION, LLC,<br>KNAUF INSULATION GmbH,<br>KNAUF INSULATION SPRL, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:15-cv-00111-TWP-MJD |
| | ) | |
| JOHNS MANVILLE CORPORATION,<br>JOHNS MANVILLE, INC., | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| JOHNS MANVILLE CORPORATION,<br>JOHNS MANVILLE, INC., | ) ) | |
| | ) | |
| Counter Claimants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KNAUF INSULATION GmbH,<br>KNAUF INSULATION SPRL,<br>KNAUF INSULATION, LLC, | ) ) ) | |
| | ) | |
| Counter Defendants. | ) | |

### SEALED ORDER ON PLAINTIFFS' MOTION IN *LIMINE* TO EXCLUDE OPINIONS OF TERESA REA AND DEFENDANTS' CONTINGENT MOTION TO EXCLUDE THE EXPERT OPINIONS OF ANITA VARMA AND MICHAEL J CARONE

This matter is before the Court on Plaintiffs Knauf Insulation LLC, Knauf Insulation GmbH, and Knauf Insulation SPRL's (collectively, "Knauf") Motion in *Limine* to Exclude Opinions of Teresa Rea ("Knauf's Motion") (Filing No. 917) and Defendants Johns Manville Corporation and Johns Manville, Inc.'s (collectively, "JM") Contingent Motion to Exclude the Expert Opinions of Anita Varma and Michael J Carone ("JM's Contingent Motion") (Filing No. 933).

For the following reasons, Knauf's Motion to Exclude Rea's opinions is **granted in part and denied in part**, and JM's Contingent Motion is **denied as moot**.

## I.    BACKGROUND

Knauf and JM are competitors in the U.S. market for fiberglass insulation products. Knauf initiated this patent infringement action against JM in 2015. Knauf alleges JM has violated and is continuing to violate the patent laws of the United States by infringing Knauf's U.S. Patents, including, as relevant to the instant motions, Patent Nos. 8,114,210; 8,940,089; and 9,039,827. Each of these patents identifies Carl Hampson as one of or the sole inventor, so the parties refer to these patents collectively as the "Hampson Patents."[1]

JM has asserted several defenses to Knauf's claims. Two of those defenses challenge the validity of the Hampson Patents. JM intends to argue that the Hampson Patents are invalid because Knauf (1) failed to obtain a foreign filing license from the United States Patent and Trademark Office ("USPTO") prior to filing for a patent outside the United States in violation of 35 U.S.C. §§ 181–85; and (2) failed to include Dr. Brian Swift ("Dr. Swift") as a joint inventor on one or more of the Hampson Patents (Filing No. 817 at 4–7).

At trial, JM intends to offer testimony from Teresa Rea ("Rea") as an expert in USPTO "rules, practices and procedures for examination of patent applications and the prosecution of the Hampson Patents before that office" (Filing No. 945 at 4). JM anticipates that Rea will opine that Knauf violated 35 U.S.C. § 184–185 by failing to obtain a foreign filing license and that Dr. Swift should have been named as a joint inventor on at least one of the Hampson Patents.

---

[1] Knauf previously asserted infringement of Patent No. 9,469,747, but Knauf is no longer asserting that patent in this case (Filing No. 816 at 2; Filing No. 817 at 1 n.2).

Knauf intends to offer testimony from Anita Varma ("Varma") on foreign filing obligations under United Kingdom law, and testimony from Michael J Carone ("Carone") on whether certain patent applications affect "national security" for purposes of foreign filing licenses (Filing No. 933-1; Filing No. 933-2).

Knauf has moved to exclude Rea's expert testimony, arguing that she is unqualified, that her opinions are not relevant to issues before the jury, and that her opinions constitute improper legal conclusions (Filing No. 917 at 2). In its Contingent Motion, JM requests that the Court exclude Varma and Carone's testimony, but only "to the extent that the Court grants Knauf's motion" to exclude Rea's testimony (Filing No. 933 at 1). JM, like Knauf, argues that Varma and Carone are unqualified and that their opinions are not relevant (Filing No. 933 at 1–2). Both motions are now ripe for the Court's review

## II.    <u>LEGAL STANDARD</u>

Federal Rule of Evidence 702 governs testimony of expert witnesses. An expert may testify regarding the ultimate issue in a case. Fed. R. Evid. 704(a). Furthermore, an expert can base her opinion on inadmissible evidence. Fed. R. Evid. 703. However, "expert testimony as to legal conclusions that will determine the outcome of the case is inadmissible." *Good Shepherd Manor Found., Inc. v. City of Momence*, 323 F.3d 557, 564 (7th Cir. 2003).

"Under the *Daubert* gatekeeping requirement, the district court has a duty to ensure that expert testimony offered under Federal Rule of Evidence 702 is both relevant and reliable." *Jenkins v. Bartlett*, 487 F.3d 482, 488–89 (7th Cir. 2007) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999)). "Whether proposed expert testimony is sufficiently reliable under Rule 702 is dependent upon the facts and circumstances of the particular case." *Id.* at 489. The Court is given "latitude in determining not only how to measure the reliability of the proposed expert testimony

but also whether the testimony is, in fact, reliable." *Gayton v. McCoy*, 593 F.3d 610, 616 (7th Cir. 2010) (citing *Jenkins*, 487 F.3d at 489).

Additionally, the district court must determine whether the proposed expert testimony will assist the trier of fact in determining a fact in issue or understanding the evidence. *Chapman v. Maytag Corp.*, 297 F.3d 682, 687 (7th Cir. 2002). "Determinations on admissibility should not supplant the adversarial process; 'shaky' expert testimony may be admissible, assailable by its opponents through cross-examination." *Gayton*, 593 F.3d at 616.

> Vigorous cross examination, presentation of contrary evidence and careful jury instructions . . . are the traditional and appropriate means of attacking shaky but admissible evidence. The rejection of expert testimony is the exception rather than the rule, and the trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system.

*Richman*, 415 F. Supp. 2d at 933 (citations and quotation marks omitted).

Seventh Circuit law governs these motions, as opposed to Federal Circuit law, because the admission of expert witnesses is a procedural matter and is not unique to patent law. *See Golden Blount, Inc. v. Robert H. Peterson Co.*, 438 F.3d 1354, 1358 (Fed. Cir. 2006); *Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391 (Fed. Cir. 2003).

### III.     DISCUSSION

The Court will address Knauf's Motion first and then discuss JM's Contingent Motion.

### A.     Knauf's Motion to Exclude Rea

Rea's proffered testimony, as outlined in her expert report, addresses USPTO practices and procedures, foreign filing licenses, and inventorship (Filing No. 863-1). After summarizing her qualifications, *id.* at ¶¶ 5–17, Rea provides background information regarding USPTO practices and procedures, *id.* at ¶¶ 28–34, and states the law on foreign filing licenses, including 35 U.S.C. §§ 181–185, and the law on inventorship. *Id.* at ¶¶ 35–47. Rea then recites her understanding of the facts of this case. *Id.* at ¶¶ 48–74. Ultimately, Rea opines that based on her application of the

law on foreign filing licenses and inventorship to the facts of this case, Knauf did not comply with 35 U.S.C. §§ 184–185 by failing to obtain a foreign filing license, and that Dr. Swift should have been named as an inventor on at least one of the Hampson Patents. *Id.* ¶¶ 22–25, 75–97.

In its Motion, Knauf first argues that Rea's testimony should be excluded because she is not qualified, as she "has no expertise in methods for making insulation or insulation binders" and "has never evaluated subject matter for foreign filing license for § 181 compliance" ([Filing No. 917 at 1](#)). Knauf also argues that Rea's testimony should be excluded because "none of her opinions are about the pertinent art." *Id.* at 2. Knauf lastly argues that Rea's opinions constitute inadmissible legal conclusions. *Id.* The parties' response and reply briefs have distilled these arguments down to two remaining issues: (1) whether Rea's testimony on USPTO practices and procedures would be helpful to a jury; and (2) whether Rea's opinions on foreign filing licenses and inventorship constitute legal conclusions. The Court will address each issue in turn.

### 1.    Testimony on USPTO Practices and Procedures

Although Knauf originally challenged Rea's qualifications to offer technical testimony regarding insulation, JM has clarified that Rea "is not offering testimony on any technical issues" and only purports to be an expert on USPTO practices and procedures and on patent prosecutions (collectively, "USPTO practices and procedures"). On reply, Knauf does not appear to dispute Rea's qualifications as an expert on USPTO practices and procedures.

Yet Knauf still seeks to exclude Rea's testimony on USPTO practices and procedures as "not material to this case" ([Filing No. 960 at 2](#)). Knauf contends that "[t]here is nothing that the judge or jury needs to address that pivot [*sic*] on procedure." *Id.* The Court disagrees. As JM notes, courts regularly permit experts to testify about USPTO practices and procedures ([Filing No. 945 at 5](#) (citing cases)). Because jurors are often unfamiliar with the patent application and prosecution process, background information explaining USPTO practices and procedures would certainly be

helpful. *See Bausch & Lomb, Inc. v. Alcon Lab'ys, Inc.*, 79 F. Supp. 2d 252, 256 (W.D.N.Y. 2000) ("Obviously [US]PTO procedures are foreign to the average person, and it may be helpful to the jury to hear someone experienced in those procedures explain how they operate in terms that a layperson can understand.").

Knauf also argues that even if the proffered testimony would be helpful to jurors, the U.S. Courts' Federal Judicial Center's 2013 video, *The Patent Process: An Overview for Jurors* (the "FJC video")[2] "is a better and more objective explanation of procedure" than Rea's testimony. Knauf proposes that the Court therefore exclude Rea's testimony and instead use the video (Filing No. 960 at 2–3). Knauf's argument is unavailing for two reasons. First, the Court is not convinced that the FJC video is "better" or "more objective" than Rea's testimony. Rea is a qualified expert on USPTO practices and procedures, and, more importantly, her testimony regarding the patent application process appears to be based largely on the FJC video (Filing No. 863-1 at 10 n.3 (citing the FJC video)). Portions of Rea's report even recite parts of the FJC video almost verbatim. *Id.* at ¶¶ 29, 31, 34.

Second, Knauf offers no authority supporting the contention that the Court may exclude JM's proffered evidence merely because a similar source of that evidence exists. Knauf cites two cases, neither of which is applicable. In *Berry Plastics Corp. v. Intertape Polymer Corp.*, the Court stated that jurors would watch the FJC video at the beginning of trial, but the Court did not address any dispute regarding expert testimony on the same topic. No. 10-cv-00076, 2014 U.S. Dist. LEXIS 182906 (S.D. Ind. Oct. 17, 2014). Similarly, in *Server Technology, Inc. v. American Power Conversion Corp.*, a non-precedential decision from the District of Nevada, the court did not

---

[2] United States Courts, Federal Judicial Center, *The Patent Process: An Overview for Jurors*, YouTube (Nov. 22, 2013), https://www.youtube.com/watch?v=ax7QHQTbKQE.

address whether expert testimony on USPTO practices and procedures should be excluded under Rule 702 in favor of the FJC video. No. 06-CV-00698, 2017 U.S. Dist. LEXIS 74485, at *39–40 (D. Nev. May 12, 2017). The issue in *Server Technology* was whether the court should exclude expert testimony on the lengthy patent prosecutions in that case as prejudicial under Rule 403. *Id.* The court held that it properly excluded the testimony as prejudicial but provided the jury with sufficient evidence of the patent prosecutions by admitting the patents' complete file histories, a glossary of terms, and the FJC video. *Id.*

At most, *Berry Plastics* and *Server Technology* show that the FJC video is admissible evidence of USPTO practices and procedures. Neither case shows that the FJC video is better evidence than expert testimony on the same topic, or that a court may exclude expert testimony on that topic merely because the FJC video could convey the same information. Questions about the accuracy of Rea's information and Rea's bias go to the weight of her testimony, not its admissibility.

Rea's testimony on USPTO practices and procedures and patent prosecutions would be helpful to a jury. The Court therefore **denies** Knauf's Motion in *Limine* as to Rea's testimony on USPTO practices and procedures (Filing No. 863-1 at ¶¶ 28–34).

### 2. Testimony on Foreign Filing Licenses and Inventorship

Knauf next argues that Rea's remaining testimony should be excluded because it consists of legal conclusions regarding patent invalidity. Specifically, Knauf contends Rea improperly opines on the application of foreign filing license law and inventorship law to the facts of this case (Filing No. 917 at 2). JM responds that it is not improper for Rea to "[c]it[e] the governing legal standards" or to "explain[] the application of those standards to facts within the expert's specialized expertise" (Filing No. 945 at 6). However, JM cites no legal authority supporting this assertion. JM instead contends Knauf "has recognized" that experts may offer this kind of testimony by

offering experts who purport to do the same (Filing No. 946 at 6–7 (citing Filing No. 931-3 (Expert Report of Carl Strauss); Filing No. 932-3 (Expert Report of Geoffrey Coates); Filing No. 924-3 (Expert Report of Lance Rake); and Filing No. 933-1 (Expert Report of Anita Varma)).

Having carefully reviewed Rea's report, the Court agrees with Knauf that Rea's testimony regarding applicable legal standards and her application of those standards to the facts of this case are inadmissible.

"As a general rule, . . . an expert may not offer legal opinions." *Jimenez v. City of Chicago*, 732 F.3d 710, 721 (7th Cir. 2013). In some cases, experts may rely on legal standards in forming proper opinions of fact. "[T]here is a difference between opining on a legal issue and simply relying on legal standards to produce a proper, admissible expert opinion." *Boston Scientific Corp. v. Cook Medical LLC*, No. 17-cv-03448, 2023 WL 1476573, at *5 (S.D. Ind. Feb. 2, 2023); *CDX Liquidating Trust ex rel. CDX Liquidating Trustee v. Venrock Assocs.*, 411 B.R. 571, 590 (Bankr. N.D. Ill. 2009) ("Cases in which courts preclude experts from applying legal standards to the facts of a case and from opining on whether defendants' conduct breached or violated legal standards are distinguishable."). In *Medicines Company v. Mylan Inc.*, for example, the district court permitted an expert to testify about the commercial success of a patent, despite also citing the legal standard upon which he based his opinions regarding commercial success. No. 11-cv-1285, 2014 WL 1257943, at *2 (N.D. Ill. Mar. 27, 2014). And more recently, in *Boston Scientific Corp. v. Cook Medical LLC*, this Court allowed an expert on USPTO practices and procedures to testify as to whether the prosecution of the asserted patent was in fact "unreasonably delayed," which is a standard derived from the prosecution laches legal standard. 2023 WL 1476573, at *6.

Rea, in contrast, does not merely refer to or rely on legal standards in producing proper opinions of fact. She goes further. She applies those legal standards to the facts of this case, opining

on what legal conclusions the jury should reach. Caselaw nationwide has clearly and repeatedly held that experts may not apply the law to facts. *See, e.g.*, *United States v. Lupton*, 620 F.3d 790, 798–800 (7th Cir. 2010) (stating district court would have been within its discretion to exclude testimony of expert on "broker conduct" based exclusively on application of statutes and regulations to contract at issue); *Trexler v. City of Belvidere*, No. 20-cv-50113, 2023 WL 415184, at *4 (N.D. Ill. Jan. 25, 2023) ("Defendants are correct, applications of law to fact are matters left to the judge and jury and are inadmissible opinions by an expert.") (citing cases stating same proposition); *United States v. Dental Dreams, LLC*, 307 F. Supp. 3d 1224, 1260–61 (D.N.M. 2018) ("Expert witnesses may testify about ultimate issues of fact, but an expert may not state legal conclusions drawn by applying the law to the facts."); *Colon ex rel. Molina v. BIC USA, Inc.*, 199 F. Supp. 2d 53, 96 (S.D.N.Y. 2001) ("[I]t is well-settled that experts are prohibited from testifying as to the content or application of the law.").

Rea's opinions that Knauf failed to comply with 35 U.S.C. §§ 184–85 and that Dr. Swift should be named as a joint inventor on one or more of the Hampson Patents are based on her application of the law to the facts and are thus inadmissible legal conclusions. ([Filing No. 863-1 at ¶¶ 75](#)–97); *see Good Shepherd Manor Found., Inc.*, 323 F.3d at 564 (affirming exclusion of testimony "made up solely of legal conclusions, such as conclusions that the city's actions violated the [Fair Housing Amendments Act]"); *Plastipak Packaging, Inc. v. Premium Waters, Inc.*, 55 F.4th 1332, 1340 (Fed. Cir. 2022) ("Inventorship presents a question of law which may be predicated on underlying factual findings."); *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1460 (Fed. Cir. 1998) ("Inventorship is a question of law . . . .").

Further, these legal conclusions are determinative of at least some claims pertaining to the Hampson Patents. Noncompliance with 35 U.S.C. §§ 184–185 and a failure to name all joint

inventors on a patent application are both grounds for holding a patent invalid. *See* 35 U.S.C. § 185 (stating that any patent issued to a person who has not procured a license prescribed in § 184 is invalid unless the failure to procure a license was through error); *Trovan, Ltd. v. Sokymat SA, Irori*, 299 F.3d 1292, 1301 (Fed. Cir. 2002) ("A patent is invalid if more or less than the true inventors are named."). Rea's opinions regarding foreign filing licenses and inventorship in this case must therefore be excluded.

For similar reasons, Rea may not offer testimony reciting what she believes to be the law applicable to foreign filing licenses and inventorship. "It is the role of the judge, not an expert witness, to instruct the jury on the applicable principles of law, and it is the role of the jury to apply those principles of law to the facts in evidence." *Jiminez*, 732 F.3d at 721. Allowing Rea to explain the law of foreign filing licenses and inventorship would usurp the Court's role and risk confusing the jury. *Panter v. Marshall Field & Co.*, 646 F.2d 271, 294 n.6 (7th Cir. 1981) ("It is not for witnesses to instruct the jury as to applicable principles of law, but the judge."); *cf. Nimley v. City of New York*, 414 F.3d 381, 397 (2d Cir. 2005) ("Expert testimony that usurp[s] . . . the role of the trial judge in instructing the jury as to the applicable law . . . by definition does not aid the jury in making a decision; rather it undertakes to tell the jury what result to reach, and thus attempts to substitute the expert's judgment for the jury's."); *Bausch & Lomb, Inc.*, 79 F. Supp. 2d at 255 ("Simply put, testimony that is designed to instruct the jury on the applicable law is not admissible because, by purporting to do what lies with the exclusive province of the court, it cannot be helpful to the jury.").

The Court accordingly **grants** Knauf's Motion in *Limine* as to Rea's testimony regarding foreign filing licenses and inventorship (Filing No. 863-1 at ¶¶ 22–25, 35–79).

**B.    JM's Contingent Motion to Exclude Opinions of Varma and Carone**

In response to Knauf's Motion in *Limine* to exclude Rea, JM filed a "contingent" Motion in *Limine* to exclude the opinions of two of Knauf's experts—Varma and Carone—who, like Rea, are expected to testify about foreign filing licenses. JM's Contingent Motion asks that "to the extent the Court grants Knauf's motion regarding Ms. Rea, the Court . . . also exclude the opinions of Ms. Varma and Mr. Carone at least on the same basis" (Filing No. 933 at 1).

Like Knauf argued in its Motion, JM argues in its Contingent Motion that Varma and Carone are not qualified because they have no expertise in methods for making insulation or insulation binder, and that Varma and Carone's opinions are not relevant because they do not relate to the pertinent art (Filing No. 933 at 2). The Court is not precluding Rea's testimony on either of those bases, so JM's Contingent Motion is moot.

The Court declines to consider whether Varma or Carone's opinions constitute improper legal conclusions, which is the Court's reason for partially excluding Rea's testimony. JM did not raise that argument in its Contingent Motion. Despite vaguely asking the Court to exclude Varma and Carone's testimony "at least on the same basis" as Rea's testimony, JM remains responsible for asserting arguments in support of its Motion. The Court will not make JM's arguments for it. *Tyler v. Runyon*, 70 F.3d 458, 466 (7th Cir. 1995) ("'This court has no duty to research and construct legal arguments available to a party,' especially when he is represented by counsel."); *Luddington v. Indiana Bell Telephone Co.*, 966 F.2d 225, 230 (7th Cir. 1992) ("The responsibility for the identification, framing, and argument of the issues . . . is that of the lawyers, not that of the judges. If we assume the lawyers' responsibilities, we unbalance the market for legal services and take time away from our consideration and decision of other cases.").

JM's Contingent Motion is **denied as moot**.

## IV.    CONCLUSION

For the reasons stated above, Knauf's Motion in *Limine* to Exclude Opinions of Teresa Rea (Filing No. 917) is **GRANTED in part and DENIED in part**. Rea must limit her trial testimony to USPTO practices and procedures and patent prosecution. Rea is precluded from offering testimony as to the law regarding foreign filing licenses or inventorship, and she is precluded from offering opinions as to whether Knauf complied with 35 U.S.C. §§ 181–185 or whether Dr. Swift should have been named as a joint inventor on one or more of the Hampson Patents.

JM's Contingent Motion to Exclude the Expert Opinions of Anita Varma and Michael J Carone (Filing No. 933) is **DENIED as moot**.

An order in *limine* is not a final, appealable order. If the parties believe that evidence excluded by this Order becomes relevant or otherwise admissible during the course of the trial, counsel may request a hearing outside the presence of the jury. Likewise, if the parties believe that specific evidence is inadmissible during the course of the trial, counsel may raise specific objections to that evidence.

Because of the nature of some of the matters in this Order, this Order shall be **docketed as a SEALED order**, accessible only to the Court and the parties. The parties are **ordered** to confer and agree on a redacted version of this Order that can be filed on the public docket within **fourteen (14) days** of this Entry.

**SO ORDERED**.

Date:    3/30/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Brett J. Arnold
Quinn Emanuel Urquhart & Sullivan LLP
brettarnold@quinnemanuel.com

Melissa J. Baily
QUINN EMANUEL URQUHART & SULLIVAN, LLP
melissabaily@quinnemanuel.com

Brent R. Baughman
DENTONS BINGHAM GREENEBAUM LLP (Louisville)
brent.baughman@dentons.com

Kevin M. Bell
KILPATRICK TOWNSEND & STOCKTON LLP
kbell@kilpatricktownsend.com

Spiro Bereveskos
Woodard Emhardt Henry Reeves & Wagner, LLP
judy@uspatent.com

A. Richard M. Blaiklock
LEWIS WAGNER, LLP
rblaiklock@lewiswagner.com

Briana Lynn Clark
DENTONS BINGHAM GREENEBAUM LLP (Indianapolis)
briana.clark@dentons.com

Lindsay Cooper
QUINN EMANUEL URQUHART & SULLIVAN, LLP
lindsaycooper@quinnemanuel.com

Hannah Elizabeth Dawson
Quinn Emanuel Urquhart & Sullivan, LLP
hannahdawson@quinnemanuel.com

Duane R. Denton
DENTONS BINGHAM GREENEBAUM LLP (Indianapolis)
rusty.denton@dentons.com

David D. Doak
QUINN EMANUEL URQUHART & SULLIVAN, LLP
daviddoak@quinnemanuel.com

Jaclyn Michelle Flint
RILEY BENNETT EGLOFF LLP
jflint@rbelaw.com

Matthew M. Gardlik
WOODARD EMHARDT HENRY REEVES & WAGNER, LLP
mgardlik@uspatent.com

Meaghan Klem Haller
DENTONS BINGHAM GREENEBAUM LLP (Indianapolis)
meaghan.haller@dentons.com

Ella K. Hallwass
QUINN EMAUEL URGUHART & SULLIVAN LLP
ellahallwass@quinnemanuel.com

Blake R. Hartz
WOODARD EMHARDT HENRY REEVES & WAGNER, LLP
bhartz@uspatent.com

Valerie Anne Lozano, I
Quinn Emanuel Urquhart& Sullivan
valerielozano@quinnemanuel.com

Daniel James Lueders
WOODARD EMHARDT HENRY REEVES & WAGNER, LLP
lueders@uspatent.com

Brice C. Lynch
QUINN EMANUEL URQUHART & SULLIVAN, LLP
bricelynch@quinnemanuel.com

Duane Lyons
Quinn Emanuel Urquhart & Sullivan
duanelyons@quinnemanuel.com

Edward J. Mayle
KILPATRICK TOWNSEND & STOCKTON LLP
TMayle@kilpatricktownsend.com

Kristopher L. Reed
KILPATRICK TOWNSEND & STOCKTON LLP
kreed@kilpatricktownsend.com

James W. Riley, Jr.
RILEY BENNETT EGLOFF LLP
jriley@rbelaw.com

Owen Fullerton Roberts
Quinn Emanuel Urquhart & Sullivan LLP
owenroberts@quinnemanuel.com

Charles Verhoeven
QUINN EMANUEL URQUHART & SULLIVAN, LLP
charlesverhoeven@quinnemanuel.com

Scott Watson
QUINN EMANUEL URQUHART OLIVER & HEDGES
scottwatson@quinnemanuel.com

Travis D. Whitsitt
KILPATRICK TOWNSEND & STOCKTON LLP
twhitsitt@kilpatricktownsend.com

Lance Yang
QUINN EMANUEL URQUHART & SULLIVAN, LLP
lanceyang@quinnemanuel.com

Melissa J. Baily
QUINN EMANUEL URQUHART & SULLIVAN, LLP
melissabaily@quinnemanuel.com

Brent R. Baughman
DENTONS BINGHAM GREENEBAUM LLP (Louisville)
brent.baughman@dentons.com

Kevin M. Bell
KILPATRICK TOWNSEND & STOCKTON LLP
kbell@kilpatricktownsend.com

Spiro Bereveskos
WOODARD EMHARDT HENRY REEVES & WAGNER, LLP
judy@uspatent.com

A. Richard M. Blaiklock
LEWIS WAGNER, LLP
rblaiklock@lewiswagner.com

Briana Lynn Clark
DENTONS BINGHAM GREENEBAUM LLP (Indianapolis)
briana.clark@dentons.com

Lindsay Cooper
QUINN EMANUEL URQUHART & SULLIVAN, LLP
lindsaycooper@quinnemanuel.com

Hannah Elizabeth Dawson
QUINN EMANUEL URQUHART & SULLIVAN, LLP
hannahdawson@quinnemanuel.com

Duane R. Denton
DENTONS BINGHAM GREENEBAUM LLP (Indianapolis)
rusty.denton@dentons.com

David D. Doak
QUINN EMANUEL URQUHART & SULLIVAN, LLP
daviddoak@quinnemanuel.com

Jaclyn Michelle Flint
RILEY BENNETT EGLOFF LLP
jflint@rbelaw.com

16

Matthew M. Gardlik
WOODARD EMHARDT HENRY REEVES & WAGNER, LLP
mgardlik@uspatent.com

Meaghan Klem Haller
DENTONS BINGHAM GREENEBAUM LLP (Indianapolis)
meaghan.haller@dentons.com

Ella K. Hallwass
QUINN EMAUEL URGUHART & SULLIVAN LLP
ellahallwass@quinnemanuel.com

Blake R. Hartz
WOODARD EMHARDT HENRY REEVES & WAGNER, LLP
bhartz@uspatent.com

Valerie Anne Lozano, I
QUINN EMANUEL URQUHART& SULLIVAN
valerielozano@quinnemanuel.com

Daniel James Lueders
WOODARD EMHARDT HENRY REEVES & WAGNER, LLP
lueders@uspatent.com

Brice C. Lynch
QUINN EMANUEL URQUHART & SULLIVAN, LLP
bricelynch@quinnemanuel.com

Duane Lyons
QUINN EMANUEL URQUHART & SULLIVAN
duanelyons@quinnemanuel.com

Edward J. Mayle
KILPATRICK TOWNSEND & STOCKTON LLP
TMayle@kilpatricktownsend.com

Kristopher L. Reed
KILPATRICK TOWNSEND & STOCKTON LLP
kreed@kilpatricktownsend.com

James W. Riley, Jr.
RILEY BENNETT EGLOFF LLP
jriley@rbelaw.com

Owen Fullerton Roberts
QUINN EMANUEL URQUHART & SULLIVAN LLP
owenroberts@quinnemanuel.com

Charles Verhoeven
QUINN EMANUEL URQUHART & SULLIVAN, LLP
charlesverhoeven@quinnemanuel.com

Scott Watson
QUINN EMANUEL URQUHART OLIVER & HEDGES
scottwatson@quinnemanuel.com

Travis D. Whitsitt
KILPATRICK TOWNSEND & STOCKTON LLP
twhitsitt@kilpatricktownsend.com

Lance Yang
QUINN EMANUEL URQUHART & SULLIVAN, LLP
lanceyang@quinnemanuel.com