**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| KNAUF INSULATION, LLC,<br>KNAUF INSULATION GmbH, and<br>KNAUF INSULATION SPRL,<br><br>          Plaintiffs,<br><br>vs.<br><br>JOHNS MANVILLE CORPORATION and<br>JOHNS MANVILLE, INC.,<br><br>          Defendants. | Case No. 1:15-cv-00111-TWP-MJD<br><br>Honorable Tanya Walton Pratt<br><br>Magistrate Judge Mark J. Dinsmore |

**DEFENDANTS' MOTION FOR RECONSIDERATION IN PART OF ORDERS ON MOTION TO SEAL (DKT. 1066)**

## **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ........................................................................................................1

II.  LEGAL STANDARD .................................................................................................1

III. DOCKET NO. 1043 CONTAINS JM AND THIRD-PARTY CONFIDENTIAL INFORMATION ........................................................................................................2

IV.  CONCLUSION ..........................................................................................................5

## **TABLE OF AUTHORITIES**

**Page(s)**

### **Cases**

*Baxter Int'l, Inc. v. Abbott Labs.*,
    297 F.3d 544 (7th Cir. 2002)..................................................................................................1

*Benton Cnty. Wind Farm LLC v. Duke Energy Indiana, Inc.*,
    No. 113-CV-01984-SEB-TAB, 2015 WL 12559884 (S.D. Ind. Aug. 26, 2015) ...............2

*Citizens First Nat'l Bank v. Cincinnati Ins. Co.*,
    178 F.3d 943 (7th Cir. 1999)..................................................................................................1

*Formax Inc. v. Alkar-Rapidpak-MOEquipment, Inc.*,
    2013 WL 2452703 (E.D. Wis. 2013)....................................................................................1

### **Rules and Regulations**

Fed. R. Civ. P. 72(a)..................................................................................................................1

S.D. Indiana Local Rule 5-11(a)................................................................................................1

S.D. Indiana Local Rule 5-11(g)................................................................................................1

**I.      INTRODUCTION**

Pursuant to S.D. Indiana Local Rules 5-11(a) and (g) and the Court's inherent authority, Defendants Johns Manville Corporation and Johns Manville, Inc. (collectively, "JM") respectfully move for reconsideration of portions of the Court's Order denying JM's motion to seal Docket No. 1043 and directing the Clerk to unseal that document absent a Fed. R. Civ. P. 72(a) objection, a motion to reconsider, an appeal or a further Order ("the Order"). *See* Dkt. 1066. JM requests that the Court reconsider its decision to unseal Docket No. 1043—JM's Memorandum of Law in Support of its Motions *in Limine* regarding Case-Wide Issues, which contains JM and third-party confidential information—and accept the narrowly-tailored redacted version of the document attached to this Motion. JM does not seek reconsideration of the Court's Order denying JM's motion regarding Docket No. 1041 (JM's Memorandum of Law in Support of its Motions *in Limine* regarding Design Patent Infringement and Invalidity). JM hereby provides the Court with notice that they authorize the unsealing of Docket No. 1041.

The relief sought in this Motion will not prejudice Knauf and will not harm the public interest. JM has now conferred with Knauf, who confirmed they do not intend to seal any Knauf information reflected in Docket Nos. 1041 and 1043. For the reasons asserted below, JM respectfully requests that the Court reconsider its Order and permanently seal the redacted portions of Docket No. 1043. A public version of Docket No. 1043 containing JM's limited redactions is being filed concurrently herewith.

**II.     LEGAL STANDARD**

A showing of good cause is required to seal any portion of the record of a case from the public. *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999). Good cause to seal confidential information may exist when the confidential material is non-dispositive, or where documents contain trade secrets or other categories of sensitive confidential information,

1

such as "information required by statute to be maintained in confidence." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002); *see also Formax Inc. v. Alkar-Rapidpak-MOEquipment, Inc*., 2013 WL 2452703, at *1 (E.D. Wis. 2013) (granting motion to seal documents containing proprietary and competitively sensitive information including purchase history, sales, pricing, marketing and research and development). Courts may reconsider orders denying motions to seal when presented with additional arguments regarding the appropriateness of sealing and/or revised redacted versions of the sealed documents. *See Benton Cty. Wind Farm LLC v. Duke Energy Indiana, Inc*., No. 113-CV-01984-SEB-TAB, 2015 WL 12559884, at *3 (S.D. Ind. Aug. 26, 2015) (granting motion to reconsider order denying motion to seal based on part on parties' proposal that they would file a revised redacted version).

### III. DOCKET NO. 1043 CONTAINS JM AND THIRD-PARTY CONFIDENTIAL INFORMATION

Docket No. 1043 reflects JM's Motions *in Limine* regarding Case-Wide Issues. Motion 12 (pages 12-15 of Docket No. 1043) is JM's Motion to Preclude Evidence Or Argument Regarding Licenses Which No Admissible Testimony Establishes Are Comparable To A Hypothetical License In This Case, and discusses highly confidential information pertaining to JM's licensing practices, including the existence and terms of its actual and proposed agreements with third-parties. Motion 14 (pages 17-23 of Docket No. 1043) is JM's Motion to Preclude Evidence Or Argument Regarding Secondary Indicia Of Non-Obviousness Without Established Nexus To Asserted Claim, and includes confidential information regarding JM's total revenues from the sales of the accused products. The Order denied JM's request to maintain Docket No. 1043 under seal because JM had not yet submitted a redacted version of this document after conferring with Knauf. Dkt. 1066 at 2. JM makes this request to reconsider the Court's Order and seal portions of Docket No. 1043 based on the confidential business information contained in it.

**Motion *in Limine* No. 12 ("MIL 12"):** MIL 12 discusses Knauf's damages expert's opinions regarding comparable licenses to the hypothetical negotiation and references two licenses between JM and two other companies, the terms of which are highly confidential and contain information that JM has designated Confidential and/or Attorneys' Eyes Only and/or Outside Counsel Eyes Only pursuant to the Protective Order. The redacted portions of Docket No. 1043 pertaining to MIL 12 reflect commercially sensitive information relating to the terms of JM's license agreements with third parties.

The Court has previously granted JM's motions to seal certain confidential terms of the license agreement discussed on page 13 of MIL 12, and JM's redactions are consistent with the Court's prior Orders. *See* Docket. No. 982 ("Defendants have demonstrated that the bulk of the information contained in the document is properly sealable") and Docket No. 1001 (granting motion to seal redacted version of license agreement); *see also* Docket No. 998 (granting motion to seal redacted portions of Docket Nos. 928, 928-3, 928-5 and 931-1 (Exhibit 3504), 928-6 and 931-2 (Exhibit 3505), No. 928-7 (Exhibit 3506), 931 which contain information regarding JM license agreement with third party). JM has similarly proposed narrow redactions to Docket No. 1043 to keep confidential the identity of the licensee and the specific terms of the draft term sheet between JM and a third party disclosed on page 14 of MIL 12. This document was produced by JM in this litigation on an "Attorneys' Eyes Only" and has not previously been publicly disclosed. The redactions JM has proposed to information regarding this document in Docket No. 1043 are consistent with JM's redactions of this same information in Knauf's damages expert's report, regarding which the Court granted JM's motion to seal. *See* Docket No. 998 (granting motion to seal redacted portions of Docket No. 928-3, including ¶¶145-151 referring to JM's interactions with third-party, with redacted version as Docket No. 992-3).

Absent the sealing of the limited portions of Docket No. 1043 relating to these licenses, JM (and the third parties) could be subject to competitive harm in negotiating licenses with other parties who could acquire knowledge of the terms of these agreements from the public record in this case. Whereas JM would not know the terms that its competitors offer or the companies to which its competitors license, its competitors would know the technology JM has licensed and the terms that JM offered, and would in turn be able to target JM licensees, whose identity would be revealed. To protect against such competitive harm, these license agreements have been produced on an "OUTSIDE COUNSEL EYES ONLY" and/or "ATTORNEYS' EYES ONLY" basis under the Protective Order, and may not be reviewed by any employee of Knauf. Further, the information JM has redacted from Docket No. 1043 relating to these licenses implicates the privacy interests of third parties, because it contains the confidential licensing information of those third parties, who likewise do not disclose information about their licensing practices publicly. There is risk of competitive harm to the third parties if this licensing information were revealed.

**Motion in Limine No. 14 ("MIL 14")**: MIL 13 relates to evidence and opinions regarding Secondary Indicia Of Non-Obviousness and seeks in part to preclude Knauf's expert, Dr. Strauss, from relying on evidence of JM's total revenues from the sale of accused products in support of his opinions. JM has previously sought to maintain under seal limited portions of Dr. Strauss' opinions pertaining to this topic in the context of its motion to exclude the opinions of Dr. Strauss, which the Court granted. *See* Docket No. 998 (granting motion to seal Dkt. 931-4 (Exhibit 3516)). As in that motion, MIL 14 contains information that JM has designated Confidential and/or Attorneys' Eyes Only pursuant to the Protective Order. Specifically, page 20 of Docket No. 1043 contains information regarding revenues for the accused products, which is highly confidential information to JM and would cause competitive harm if it were to be publicly disclosed.

JM's strong interest in maintaining the confidentiality of this highly confidential and competitive information outweighs the very limited public interest in access to the redacted information pertaining to its revenues in Docket. No. 1043. There is therefore a compelling interest to keep the redacted portions of Docket No. 1043 under seal. JM has only redacted the specific confidential information discussed above, and has left unredacted more general descriptions of Mr. Strauss' opinions pertaining to it. Sealing portions of Docket No. 1043 is an appropriately targeted means of protecting JM's privacy interests without significantly burdening the public's interest in access to this proceeding.

Further, this motion will not cause prejudice to the Knauf nor will the public interest be harmed in that the majority of Docket No. 1043 will be filed publicly, with redactions made only to the sensitive commercial information discussed above. The general public has no pressing interest in seeing the unredacted version of Docket No. 1043 containing the confidential business information. The substance of JM's Motions *in Limine* is whether Knauf should be precluded from referencing certain evidence at trial, and those issues can be examined on the public record without disclosure of JM's specific licensing terms or the amount of its revenues from sales of the accused products. Accordingly, JM submits that the privacy interests in this information outweigh the interest in public access, and JM respectfully requests that the unredacted version of Docket No. 1043 be permanently maintained under seal.

## IV. CONCLUSION

For the foregoing reasons, JM respectfully requests that the Court reconsider the portions of its Order (Docket No. 1066) unsealing Docket No. 1043 and enter an order permanently sealing the redacted portions of the document filed herewith. A proposed order is attached.

Dated:  April 18, 2023

Respectfully submitted,

*/s/ Charles Verhoeven*
Charles K. Verhoeven (*pro hac vice*)
*charlesverhoeven@quinnemanuel.com*
Melissa J. Baily (*pro hac vice*)
*melissabaily@quinnemanuel.com*
Lindsay Cooper (*pro hac vice*)
*lindsaycooper@quinnemanuel.com*
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111-4788
Tel: (415)-875-6600
Fax: (415) 875-6300

Lance Yang (*pro hac vice*)
*lanceyang@quinnemanuel.com*
Scott L. Watson (*pro hac vice*)
*scottwatson@quinnemanuel.com*
Valerie Lozano (*pro hac vice*)
*valerielozano@quinnemanuel.com*
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Tel.:  (213) 443-3000
Fax:  (213) 443-3100

Brett J. Arnold (*pro hac vice*)
*brettarnold@quinnemanuel.com*
Brice C. Lynch (*pro hac vice*)
*bricelynch@quinnemanuel.com*
Ella K. Hallwass (*pro hac vice*)
*ellahallwass@quinnemanuel.com*
555 Twin Dolphin Dr., #560,
Redwood City, CA 94065
Tel.:  (650) 801-5000
Fax:  (650) 801-5100

Owen Fullerton Roberts (*pro hac vice*)
*owenroberts@quinnemanuel.com*
51 Madison Ave, 22nd Floor
New York, NY 10010
Tel.: (212) 849-7000
Fax: (212) 849-7100

6

Hannah E. Dawson (*pro hac vice*)
*hannahdawson@quinnemanuel.com*
111 Huntington Ave., Ste. 520
Boston, MA 02199
Tel.: (617) 712-7100
Fax: (617) 712-7200

Kevin M. Bell (*pro hac vice*)
kbell@kilpatricktownsend.com
Edward J. Mayle (*pro hac vice*)
tmayle@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
1400 Wewatta Street, Suite 600
Denver, CO, 80202
Tel: (303) 571-4000
Fax: (303) 571-4321

James W. Riley, Jr. (No. 6073-49)
jriley@rbelaw.com
RILEY BENNETT & EGLOFF, LLP
500 N. Meridian Street, Suite 550
Indianapolis, IN 46204
Tel: (317) 636-8000
Fax: (317) 636-8027

*Counsel for Defendants Johns Manville Corporation and Johns Manville, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2023 a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                             */s/ Charles Verhoeven*