# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| KNAUF INSULATION, LLC, et al., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 1:15-cv-00111-TWP-MJD ) |
| JOHNS MANVILLE CORPORATION, et al., | ) ) ) ) |
| Defendants. | ) |

### RESPONSE OF DAVID BILSKER TO THE COURT'S MAY 16, 2023 ORDER

In response to the Court's request in its order dated 5/16/2023 for information regarding my pro hac vice application, I respectfully provide the following additional information.

I was admitted to the Florida Bar in 1990. After taking that bar, I moved to California in the fall of 1990 where I have been a resident and have been a member in good standing of the California bar since 1991.

In 2014, while I was a resident of California and a partner at my current firm, Quinn Emanuel, I began a significant project assisting General Motors with some in-house legal duties at its headquarters in Detroit, Michigan. This project had me travelling to Detroit and working on site frequently for a number of months. Because of the amount of time I was spending on site, out of an abundance of caution, I decided to join the Michigan bar. Based on my admissions in California and Florida, I was able to gain entrance to the Michigan bar without examination and did so in December 2014. In 2014 and at all times since, I have been a resident of California. I have never been a resident of Michigan.

Once the assignment at General Motors ended in approximately the spring of 2015, I believed it was no longer necessary to maintain my Michigan bar membership and I last paid dues in Michigan in 2015.  I believed that the non-payment of dues would remove me as a member of the Michigan bar and render me "inactive."

I intended to indicate on the pro hac admission form that I had once been admitted in Michigan but was no longer a member and I believed that stating I was "inactive" was the proper way to do that.  To the extent that the form implied that I was a member in good standing of the Michigan bar and permitted to practice there, that was not accurate and was the result of inartful drafting and internal miscommunication between me and those who assisted me in preparing the form.  I deeply regret that any information on my form could be considered inaccurate.

In my thirty years of practice as an attorney I have never been subject to any disciplinary proceedings, and I consider my representations to the Courts to be of the utmost importance.  Since the time when I ceased paying the Michigan bar dues, I have not practiced law in Michigan or entered an appearance as a Michigan licensed attorney.

Until I received this Court's order I was not aware that I should be considered a "suspended lawyer" in Michigan.  After receiving this Court's order, my assistant contacted the State Bar of Michigan on May 17, 2023 to determine how to remove me as a lawyer from the rolls of the Michigan bar.  I then filed a request to resign from the Michigan by sending the bar an email as instructed.

In addition to the explanations provided herein regarding the Court's questions about the original pro hac application I submitted, I have amended my pro hac vice application to: more accurately reflect my current status in Michigan, add a number of district courts to which I am

admitted and correct the dates of admission for certain courts which were identified on the prior form.

        Respectfully submitted,

        */s/ Daniel Bilsker*

        _____
        David Bilsker

        QUINN EMANUEL URQUHART & SULLIVAN, LLP
        50 California Street, 22nd Floor
        San Francisco, CA 94111-4788
        Tel: (415)-875-6600
        Fax: (415) 875-6700
        davidbilsker@quinnemanuel.com