UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KNAUF INSULATION, LLC, <br> KNAUF INSULATION GmbH, and <br> KNAUF INSULATION SPRL, <br><br> Plaintiffs, <br><br> v. <br><br> JOHNS MANVILLE CORPORATION, and <br> JOHNS MANVILLE, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 1:15-cv-00111-TWP-MJD <br> ) <br> ) <br> ) <br> ) <br> ) |

### ENTRY GRANTING DEFENDANTS' MOTION TO CONTINUE TRIAL AND JOINT MOTION TO MODIFY PRETRIAL DEADLINES

This matter is before the Court on a Motion to Continue Trial filed by Defendants Johns Manville Corporation and Johns Manville, Inc. (collectively, "Defendants") (Filing No. 1092) and a Joint Motion to Modify Pretrial Deadlines (Filing No. 1097). The final pretrial conference is currently set for August 2, 2023, and the trial is currently set to begin on August 28, 2023. Plaintiffs oppose any continuance. (Filing No. 1093, Filing No. 1100). While the Court is reluctant to do so, for the reasons stated below, the Motion to Continue Trial and the Joint Motion to Modify Pretrial Deadlines are **granted**.

In requesting continuation of the presently set trial, the Defendants explain that their lead trial counsel since the spring of 2019 just recently retired from the practice of law at the end of April 2023. New counsel stepped into that role in May 2023 and has worked diligently to get up to speed, but this case is large, complex, and highly technical. New lead counsel has a previously scheduled patent jury trial in the District of Delaware that begins on July 10, 2023. Thus, the currently scheduled trial date would cause Defendants undue hardship and deprive them of their

ability to adequately prepare for trial. Defendants counsel who will be first chair and second chair during the trial observe the Jewish High Holiday of Rosh Hashanah, which begins at sundown on Friday, September 15, 2023, and ends at sundown on Sunday, September 17, 2023. There is a significant chance that the trial as currently scheduled could overlap with this religious holiday. The other Jewish High Holiday, Yom Kippur, is September 24 to September 25, 2023, and lead counsel's son has his Bar Mitzvah on October 7, 2023. The Defendants request a continuance until after that time to accommodate these religious observances.

The largest claim for damages in this case is based on the allegation that Defendants infringe the Plaintiffs' design patent. On June 30, 2023, the Federal Circuit granted *en banc* review in *LKQ Corp. v. GM Glob. Tech. Operations LLC*, No. 2021-2348, 2023 WL 4280599 (Fed. Cir. June 30, 2023), and asked the parties to address numerous questions regarding the proper standard to be applied when assessing the obviousness of design patents. Defendants contend that this case involves those very same issues, and the law to be applied to make that determination is likely to change completely or be modified by the Federal Circuit's *en banc* decision. They argue that this uncertainty and likely change in the law also warrant a continuance of the trial.

Responding in opposition to the Motion to Continue Trial, Plaintiffs Knauf Insulation LLC, Knauf Insulation GmbH, and Knauf Insulation SPRL (collectively, "Plaintiffs") point that this case is old and has been pending for eight and a half years. Plaintiffs contend the vintage is due in large part because of the Defendants' delays and the Defendants' delay in changing one of their twenty attorneys does not support its Motion to Continue. The Jewish holiday Rosh Hashanah can be accommodated without moving the entire trial, and speculation about a Federal Circuit decision that may be issued in late 2024 or early 2025 does not support a continuance of the trial in this

matter. Accordingly, there is no good cause to delay the trial of this case indefinitely based on speculation that another unrelated dispute might, someday, modify legal standards.

Plaintiffs argue that Defendants have not shown diligence in preparing for trial and untimely filed this Motion rather than filing it seven weeks ago when new lead counsel filed his appearance in the case. They assert that surely the former lead counsel's retirement was planned in advance, and new lead counsel was aware of the trial date, so the Defendants should have been diligent in seeking a continuance rather than waiting this close to the trial date. And new lead counsel knew of his potential trial conflict with a trial in Delaware at the time that he joined this trial team. Likewise, the Defendants have known for months about any potential conflict between the trial date and the Jewish High Holidays. They should have raised such an issue long ago before the Court and the parties have invested significant time into preparing for trial. The change in one attorney does not warrant a continuance under the circumstances in this matter, because Defendants are represented by twenty lawyers from two large national law firms and two local law firms. And second-chair counsel is a co-managing partner at a national law firm, who practices intellectual property and has been on this case for more than four years. There is no basis to conclude that this representation would be inadequate. Additionally, the Jewish High Holidays will not conflict with the trial as the Court typically ends trial days at approximately 5:00 p.m., and the holiday does not begin until sundown on Friday, and it ends at sundown on Sunday. Thus, counsel will be able to observe the religious holiday. Alternatively, the trial could be skipped on a day to avoid any conflict with religious holidays rather than postponing the entire trial for four months.

Finally, the Plaintiffs assert that continuing the trial to a later date would prejudice them because it would jeopardize the trial attendance of two key expert witnesses. One of whom

witnesses has significant health problems. That witness has made arrangements to attend trial in August 2023, but he is seriously concerned that he cannot attend a later trial. The other key expert witness (who lives in England) also has some health problems and is concerned about the risks of air travel. He does not travel by plane, and he cares for his wife who will travel with him. The Plaintiffs have made travel arrangements for them to make the transatlantic trip by ship. There is only one passenger ship that is practical for this purpose, and the ship has a limited schedule, and the trip is inconvenient, expensive, and time-consuming. The Plaintiffs have purchased round-trip, non-refundable tickets for the expert witness to make the transatlantic trip by ship so that he can testify in person during the three-week long trial currently scheduled in August 2023. They also are finalizing the other train, car, hotel, and other arrangements for him to be in Indianapolis to testify during the trial in August 2023.

Each of the arguments raised by the Plaintiffs is well taken. Plaintiff is correct that observance of the Jewish High Holidays could be accommodated by not holding trial one or two days in the middle of trial if indeed the trial were to extend to those dates. The Defendants are represented by twenty attorneys, many of whom are from large national law firms, and the second-chair counsel is a managing partner with an intellectual property focus, and she has been serving in her second-chair role for the last four years. The Defendants are more than adequately represented. Complete speculation about some possible future change to a legal standard from the Federal Circuit's future decision that may apply to some claims in this case also does not serve as a good basis to continue trial.

While the Court strongly desires to bring this very old case to a close, it simply is not realistic to be able to hold the final pretrial conference in less than three weeks and the trial in six weeks with the amount of preparation and work that still needs to be completed before trial. The

case is large, complex and technical. Currently pending before the Court are two cross-motions for partial summary judgment and for adoption of claim construction, twenty-three motions in *limine*, and eight other motions. Less than one month ago, the Plaintiffs filed a motion to reconsider one of the Court's Orders on a motion in *limine*, which Order was issued more than three months ago. Less than one week ago, on July 13, 2023, the Defendants filed a motion to reconsider the same Order on a motion in *limine*. The Court is working earnestly on issuing rulings on the pending motions.

The Court understands the Plaintiffs' concerns regarding the health condition of their expert witnesses. To avoid prejudice, taking video depositions of these expert witnesses to be used during trial may be prudent. If indeed the Plaintiffs are unable to find a way to obtain a refund for travel expenses already incurred for transatlantic travel, they should consider using their expert witness's already arranged travel to conduct a video deposition testimony that can be used during trial.

Because of the amount of preparation and work that still needs to be completed by the Court and by the parties before trial can occur, the Motion to Continue Trial (Filing No. 1092) is **GRANTED**. The final pretrial conference currently set for August 2, 2023, and the trial currently set to begin on August 28, 2023, are **VACATED**. A firm trial date and final pretrial conference date will be set under separate order.[1]  Once the final pretrial conference and trial are set by separate order, the parties and counsel should not anticipate any further continuances of the final pretrial conference and trial.

Additionally, the parties' related Joint Motion to Modify Pretrial Deadlines (Filing No. 1097) is **GRANTED**. New deadlines for the parties' pretrial filings will be set after the dates are reset for the trial and final pretrial conference.

---

[1] The Courtroom Deputy Clerk will email counsel potential new trial dates.

**SO ORDERED.**

Date: 7/17/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Brett J. Arnold
Quinn Emanuel Urquhart & Sullivan LLP
brettarnold@quinnemanuel.com

Melissa J. Baily
QUINN EMANUEL URQUHART & SULLIVAN, LLP
melissabaily@quinnemanuel.com

Brent R. Baughman
DENTONS BINGHAM GREENEBAUM LLP (Louisville)
brent.baughman@dentons.com

Kevin M. Bell
KILPATRICK TOWNSEND & STOCKTON LLP
kbell@kilpatricktownsend.com

Spiro Bereveskos
Woodard Emhardt Henry Reeves & Wagner, LLP
judy@uspatent.com

David Bilsker
Quinn Emanuel Urquhart & Sullivan, LLP
davidbilsker@quinnemanuel.com

A. Richard M. Blaiklock
LEWIS WAGNER, LLP
rblaiklock@lewiswagner.com

Briana Lynn Clark
DENTONS BINGHAM GREENEBAUM LLP (Indianapolis)
briana.clark@dentons.com

Jeffrey M. Connor
KILPATRICK TOWNSEND & STOCKTON, LLP
jmconnor@kilpatricktownsend.com

Lindsay Cooper
QUINN EMANUEL URQUHART & SULLIVAN, LLP
lindsaycooper@quinnemanuel.com

Hannah Elizabeth Dawson
Quinn Emanuel Urquhart & Sullivan, LLP
hannahdawson@quinnemanuel.com

Duane R. Denton
DENTONS BINGHAM GREENEBAUM LLP (Indianapolis)
rusty.denton@dentons.com

David D. Doak
QUINN EMANUEL URQUHART & SULLIVAN, LLP
daviddoak@quinnemanuel.com

Jaclyn Michelle Flint
RILEY BENNETT EGLOFF LLP
jflint@rbelaw.com

Matthew M. Gardlik
WOODARD EMHARDT HENRY REEVES & WAGNER, LLP
mgardlik@uspatent.com

Meaghan Klem Haller
DENTONS BINGHAM GREENEBAUM LLP (Indianapolis)
meaghan.haller@dentons.com

Ella K. Hallwass
QUINN EMAUEL URGUHART & SULLIVAN LLP
ellahallwass@quinnemanuel.com

Blake R. Hartz
WOODARD EMHARDT HENRY REEVES & WAGNER, LLP
bhartz@uspatent.com

Lisa A. Hiday
WOODARD EMHARDT HENRY REEVES & WAGNER, LLP
lhiday@uspatent.com

Lauren Hudson
QUINN EMANUEL URQUHART & SULLIVAN, LLP
laurenhudson@quinnemanuel.com

Catherine R. Lacey

Wilson Sonsini Goodrich & Rosati, P.C.
clacey@wsgr.com

Tina T. Lo
QUINN EMANUEL URQUHART & SULLIVAN, LLP
tinalo@quinnemanuel.com

Valerie Anne Lozano, I
Quinn Emanuel Urquhart& Sullivan
valerielozano@quinnemanuel.com

Daniel James Lueders
WOODARD EMHARDT HENRY REEVES & WAGNER, LLP
lueders@uspatent.com

Brice C. Lynch
QUINN EMANUEL URQUHART & SULLIVAN, LLP
bricelynch@quinnemanuel.com

Duane Lyons
Quinn Emanuel Urquhart & Sullivan
duanelyons@quinnemanuel.com

Edward J. Mayle
KILPATRICK TOWNSEND & STOCKTON LLP
TMayle@kilpatricktownsend.com

Laura K. Mullendore
KILPATRICK TOWNSEND & STOCKTON LLP
lmullendore@kilpatricktownsend.com

Bina G. Patel
Quinn Emanuel Urquhart & Sullivan, LLP
bpatel@coblentzlaw.com

Andrew M. Pendexter
DENTONS BINGHAM GREENEBAUM LLP (Indianapolis)
andrew.pendexter@dentons.com

Kristopher L. Reed
KILPATRICK TOWNSEND & STOCKTON LLP
kreed@kilpatricktownsend.com

James W. Riley, Jr.
RILEY BENNETT EGLOFF LLP
jriley@rbelaw.com

Owen Fullerton Roberts
Quinn Emanuel Urquhart & Sullivan LLP
owenroberts@quinnemanuel.com

David E. Sipiora
TOWNSEND AND TOWNSEND AND CREW
dsipiora@kilpatricktownsend.com

Charles Verhoeven
QUINN EMANUEL URQUHART & SULLIVAN, LLP
charlesverhoeven@quinnemanuel.com

Scott Watson
QUINN EMANUEL URQUHART OLIVER & HEDGES
scottwatson@quinnemanuel.com

Travis D. Whitsitt
KILPATRICK TOWNSEND & STOCKTON LLP
twhitsitt@kilpatricktownsend.com

Lane C. Womack
KILPATRICK TOWNSEND & STOCKTON, LLP
lcwomack@kilpatricktownsend.com

Lance Yang
QUINN EMANUEL URQUHART & SULLIVAN, LLP
lanceyang@quinnemanuel.com