**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| KNAUF INSULATION, LLC, ) <br> KNAUF INSULATION GmbH, and ) <br> KNAUF INSULATION SPRL, ) <br> ) <br> Plaintiffs, Counterclaim-Defendants, ) <br> ) <br> vs. ) <br> ) <br> JOHNS MANVILLE CORPORATION and ) <br> JOHNS MANVILLE, INC., ) <br> ) <br> Defendants, Counterclaim-Plaintiffs. ) <br> ) | Case No. 1:15-cv-00111-TWP-MJD <br><br> Honorable Tanya Walton Pratt <br><br> Magistrate Judge Mark J. Dinsmore |

**DEFENDANTS' MOTION FOR RECONSIDERATION IN PART OF ORDER ON MOTION TO SEAL REGARDING FILING NO. 1220-1**
**(FILING NO. 1301)**

## I.  INTRODUCTION

Pursuant to S.D. Indiana Local Rules 5-11(a) and (g) and the Court's inherent authority, Defendants Johns Manville Corporation and Johns Manville, Inc. (collectively, "JM") respectfully move for reconsideration of portions of the Court's Order denying Plaintiffs' motion to seal Filing No. 1220-1 and directing the Clerk to unseal the documents absent a Fed. R. Civ. P. 72(a) objection, a motion to reconsider, an appeal or a further Order.  Filing No. 1301.  JM requests that the Court reconsider its decision to unseal Filing No. 1220-1 (Exhibit 3728), which contains JM confidential information, and accept the narrowly-tailored redacted version of the document attached to this Motion.

The relief sought in this Motion will not prejudice Knauf and will not harm the public interest.  Therefore, for the reasons set out below, JM respectfully requests that the Court reconsider its Order and permanently seal the redacted portions of Filing No. 1220-1 because that document contains highly confidential information that JM has designated pursuant to the operative Protective Order in this case, and which JM maintains as confidential or trade secret to avoid competitive harm to itself.  A public, redacted version of Filing No 1220-1 is being filed concurrently herewith.

## II.  LEGAL STANDARD

A showing of good cause is required to seal any portion of the record of a case from the public.  *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999).  Good cause to seal confidential information may exist when the confidential material is non-dispositive, or where documents contain trade secrets or other categories of sensitive confidential information, such as "information required by statute to be maintained in confidence."  *Baxter Int'l, Inc. v. Abbott Lab'ys.*, 297 F.3d 544, 545 (7th Cir. 2002); *see also Formax Inc. v. Alkar-Rapidpak-*

*MOEquipment, Inc.*, 2013 WL 2452703, at *1 (E.D. Wis. 2013) (granting motion to seal documents containing proprietary and competitively sensitive information including purchase history, sales, pricing, marketing and research and development).

### III. FILING NO. 1220-1 (EXHIBIT 3728) CONTAINS CONFIDENTIAL INFORMATION

Filing No. 1220-1 is an excerpt of the deposition transcript of Tim Swales, who was JM's corporate designee regarding licenses. JM seeks to maintain portions of Filing No. 1220-1 under seal and submits a redacted version of it with this filing, which identifies only the limited information JM seeks to maintain under seal.

Filing No. 1220-1 contains information that JM has designated Confidential and/or Attorneys' Eyes Only under the Protective Order. Specifically, Filing No. 1220-1 contains references to a license between JM and a third-party relating to JM's intellectual property, as well as other references to JM's internal pricing strategy. JM does not disclose the details or even existence of the third-party license publicly but rather maintains this information as confidential or trade secret. The disclosure of the details of this agreement could subject JM to competitive harm. For example, JM would suffer an information asymmetry with other companies seeking to license competitive intellectual property. Whereas JM would not know the terms that its competitors offer or the companies to which its competitors license, its competitors would know the terms that JM offers and would be able to target a JM licensee, whose identity would be revealed. This information also implicates the privacy interests of the third party, because it contains the confidential licensing information of the third party, who likewise does not disclose information about its licensing publicly. There is risk of competitive harm to the third party if this licensing information were revealed, since it reveals information about the potential costs of

producing its products. JM's information regarding its pricing strategy is also maintained as confidential by JM and would not be disclosed publicly absent a non-disclosure agreement.

JM has only redacted the specific data related to the third party license agreement and its pricing, and has left unredacted more general descriptions of this information. Sealing portions of Filing No. 1220-1 is an appropriately targeted means of protecting JM's privacy interests without significantly burdening the public's interest in access to this proceeding (which is limited as final judgment has now been entered, Filing No. 1313). JM's proposed redactions are consistent with redactions that the Court has previously found appropriate. The Court has previously granted JM's motions to seal certain confidential terms of its license agreement with a third party. *See* Filing Nos. 982 ("Defendants have demonstrated that the bulk of the information contained in the document is properly sealable"), 1001 (granting motion to seal redacted version of license agreement); see also Filing Nos. 998 (granting motion to seal redacted portions of Filing Nos. 928, 928-3, 928-5 and 931-1 (Exhibit 3504), 928-6 and 931-2 (Exhibit 3505), 928-7 (Exhibit 3506), 931 which contain information regarding JM license agreement with third party); 1069 (granting motion to seal redacted portions of Filing No. 1043 at pages 13-14).

## IV.  CONCLUSION

For the foregoing reasons, JM respectfully requests that the Court reconsider the portion of its Order that unseals Filing No. 1220-1, and enter an order permanently sealing the redacted portion of that document filed herewith. A proposed order is attached.

Dated: August 29, 2024                    Respectfully submitted,

                                          */s/ David Bilsker*
                                          David Bilsker (*pro hac vice*)
                                          davidbilsker@quinnemanuel.com
                                          Melissa J. Baily (*pro hac vice*)
                                          melissabaily@quinnemanuel.com

Lindsay Cooper (*pro hac vice*)
*lindsaycooper@quinnemanuel.com*
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111-4788
Tel: (415)-875-6600
Fax: (415) 875-6300

Lance Yang (*pro hac vice*)
*lanceyang@quinnemanuel.com*
Scott L. Watson (*pro hac vice*)
*scottwatson@quinnemanuel.com*
Valerie Lozano (*pro hac vice*)
*valerielozano@quinnemanuel.com*
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Tel.:  (213) 443-3000
Fax:  (213) 443-3100

Brett J. Arnold (*pro hac vice*)
*brettarnold@quinnemanuel.com*
Brice C. Lynch (*pro hac vice*)
*bricelynch@quinnemanuel.com*
Ella K. Hallwass (*pro hac vice*)
*ellahallwass@quinnemanuel.com*
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 Twin Dolphin Dr., #560,
Redwood City, CA 94065
Tel.:  (650) 801-5000
Fax:  (650) 801-5100

Owen Fullerton Roberts (*pro hac vice*)
*owenroberts@quinnemanuel.com*
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Ave, 22nd Floor
New York, NY 10010
Tel.: (212) 849-7000
Fax: (212) 849-7100

Hannah E. Dawson (*pro hac vice*)
*hannahdawson@quinnemanuel.com*

5

QUINN EMANUEL URQUHART & SULLIVAN, LLP
111 Huntington Ave., Ste. 520
Boston, MA 02199
Tel.: (617) 712-7100
Fax: (617) 712-7200

Kevin M. Bell (*pro hac vice*)
*kbell@kilpatricktownsend.com*
Edward J. Mayle (*pro hac vice*)
*tmayle@kilpatricktownsend.com*
KILPATRICK TOWNSEND & STOCKTON LLP
1400 Wewatta Street, Suite 600
Denver, CO, 80202
Tel: (303) 571-4000
Fax: (303) 571-4321

James W. Riley, Jr. (No. 6073-49)
jriley@rbelaw.com
RILEY BENNET & EGLOFF, LLP
500 N. Meridian Street, Suite 550
Indianapolis, IN 46204
Tel: (317) 636-8000
Fax: (317) 636-8027

*Counsel for Defendants Johns Manville Corporation and Johns Manville, Inc.*

6

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2024, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ David Bilsker*
David Bilsker
